| A# | Application/Petition<br>I-360 Petition for Amerasian, Widow(er), or Special Immigrant |
|---|---|
| Receipt #<br>WAC0513452734 | Applicant/Petitioner<br>Shia Association Of Bay Area |
| Notice Date<br>December 11, 2006 | Page<br>1 of 3 | Beneficiary<br>Nabi Raza Mir |

Zaheer Zaidi
Elia Law Firm
Re: Shia Asso of Bay Area Inc
510 N First St Ste 216
San Jose CA 95112

Request for Evidence

**IMPORTANT: WHEN YOU HAVE COMPLIED WITH THE INSTRUCTIONS ON THIS FORM, RESUBMIT THIS NOTICE ON TOP OF ALL REQUESTED DOCUMENTS AND /OR INFORMATION TO THE ADDRESS BELOW. THIS OFFICE HAS RETAINED YOUR PETITION/APPLICATION WITH SUPPORTING DOCUMENTS.**

**THE INFORMATION REQUESTED BELOW MUST BE RECEIVED BY THIS OFFICE NO LATER THAN EIGHTY-FOUR (84) DAYS FROM THE DATE OF THIS NOTICE. IF YOU DO NOT PROVIDE THE REQUESTED DOCUMENTATION WITHIN THE TIME ALLOTTED, YOUR APPLICATION WILL BE CONSIDERED ABANDONED PURSUANT TO 8 C.F.R. 103.2(B)(13) AND, AS SUCH, WILL BE DENIED.**

CSC  WS 22620  DIV VI

## RETURN THIS NOTICE ON TOP OF THE REQUESTED INFORMATION LISTED ON THE ATTACHED SHEET.

**Note:** You are given until **December 18, 2006** in which to submit the information requested.

Pursuant to 8 C.F.R. 103.2(b)(11) failure to submit **ALL** evidence requested **at one time** may result in the denial of your petition.

For more information, visit our website at **www.uscis.gov**

Or call us at **1-800-375-5283**

Telephone service for the hearing impaired: 1-800-767-1833

You will be notified separately about any other applications or petitions you filed. Save a photocopy of this notice. Please enclose a copy of it if you write to us about this case, or if you file another application based on this decision. Our address is:

| U.S. CITIZENSHIP AND IMMIGRATION SERVICES<br>CALIFORNIA SERVICE CENTER<br>P.O. BOX 10590<br>LAGUNA NIGUEL, CA 92607-0590<br>800-375-5283 | WAC0513452734 |
|---|---|

Form I-797 (8/06)

## Request for Evidence

*This office is unable to complete the processing of your petition without further information.
Please read and comply with the following request below, then submit the information, together
with this letter, by December 18, 2006 to the attention of Carolyn Q. Nguyen, Assistant Center
Director Division 6 at:*

**USCIS- California Service Center
P.O. BOX 10590
Laguna Niguel, CA 92607-0590**

Failure to do so may result in the denial of your petition.

In support of the above-referenced petition, provide this office with the following items:

1. A copy of your application (Form 1023) to the IRS for 501(c)(3) status.

2. A copy of a completed IRS Form 4506-T for SABA and attach it to the Request for Evidence.

3. Copies of Federal tax returns filed by SABA for tax years 2002, 2004 and 2005. If exempt
from filing Federal taxes, provide documentation that supports such an assertion.

4. Copies of California state tax returns filed by SABA for tax years 2002, 2003, 2004 and 2005.
If exempt from filing state taxes, please provide documentation that supports such an assertion.

5. Documentation, such as bank statements or a bank letter or other evidence regarding the
specific sources and availability of funding for your employee, Nabi Raza Mir.

6. Provide written evidence that SABA has filed or paid Federal wage taxes for your employee,
Nabi Raza Mir. If you are not required to pay such taxes, please provide written documentation
to support this assertion.

7. Provide written evidence that SABA has filed or paid California wage taxes for your
employee, Nabi Raza Mir. If you are not required to pay such taxes, please provide written
documentation to support this assertion.

8. Please explain in detail what specific responsibilities were given to Nabi Raza Mir during his
R-1 nonimmigrant religious worker stay at SABA.

9. Please explain in as much detail as possible what duties you expect Nabi Raza Mir to perform
for SABA, if granted an immigrant visa (minister of religion).

10. Please have Nabi Raza Mir complete IRS Form 4506-T and attach it to the Request for Evidence.

11. Provide Federal tax forms and W-2 forms filed by Nabi Raza Mir for tax years 2004 and 2005.

12. Provide California tax forms filed by Nabi Raza Mir for tax years 2002 through 2005.

13. Please have Nabi Raza Mir provide a statement listing all sources of any income, gifts or donations over $500 from any one source, including but not limited to current or former employers or businesses, government sources, foreign or domestic, or their entities, or private persons, since his 2002 arrival in the United States.

14. Provide any documentation related to current or former businesses owned by Nabi Raza Mir.

15. Provide copies of all pages of all passports (current and expired) in the possession of Nabi Raza Mir.

16. Provide copies of all Form I-94s in the possession of Nabi Raza Mir.

17. Have Nabi Raza Mir provide a written statement describing all of his travel into and out of the United States, including ports of entry/exit, countries visited, traveling companions, and the purpose of each trip.

18. Have Nabi Raza Mir provide documentation given to him by U.S. Customs regarding the confiscation of loose diamonds and other jewelry he was carrying when he re-entered the United States on July 20, 2002.

19. Have Nabi Raza Mir provide a statement regarding where he obtained the confiscated items; if purchased, where did he obtain the funds to purchase the confiscated items, and explain why he was bringing the confiscated items into the United States.

If any document contains foreign language, the petitioner must provide a full English language translation, which the translator has certified as complete and accurate, and by the translator's certification that he or she is competent to translate from the foreign language into English.

While USCIS normally provides 90 days for petitioners to respond to Requests for Evidence, given your urgent request to adjudicate this petition, USCIS must request that you submit the above requested information to the attention of Carolyn Q. Nguyen, Assistant Center Director Division 6 at the above address by courier no later than <u>December 18, 2006</u>. Failure to do so may result in the denial of this petition.

# SHIA ASSOCIATION OF BAY AREA, Inc.

# SABA

4415 Fortran Court
San Jose, CA 95134
408.946.5700
www.saba-igc.org

A non-profit religious corporation
U.S. Federal EIN: 77-0050810
State of California Corp: 2080477
Contact Address: saba@saba-igc.org

December 16, 2006

Carolyn Q. Nguyen
Assistant Center Director Division 6
U.S. Department of Homeland Security
Bureau of Citizenship and Immigration Services
California Service Center
24000 Avila Road, 2nd Floor, Room 2302
Laguna Niguel, CA 92677

> RE: Response to the Request for Evidence Regarding Shia Association of Bay Area's I-360 Petition for Special Immigrant for the Beneficiary Dr. Nabi Raza Mir [WAC0513452734]

Dear Ms. Nguyen:

I, the undersigned, am authorized to act on behalf of SABA, Inc. Board of Directors. We are in receipt of Request for Evidence, issued on December 11, 2006, regarding our I-360 petition for the beneficiary Dr. Nabi Raza Mir.

Following are our responses to the Request for Evidence:

(1) We were not able to find a a copy of SABA, Inc.'s application (Form 1023) to the IRS for 501(c)(3) status. However, we tried to contact our lawyer who helped us with filing the application and did not succeed in contacting him on such a short notice;

(2) Enclosed is a copy of a completed 4506-T for SABA. (See exhibit 1)

(3) SABA, Inc. is not required to file federal income tax returns. (See exhibit 2, page 3);

(4) SABA, Inc. is not required to file state franchise or income tax returns. (See exhibit 3, page 2);

(5) Enclosed are SABA's bank statements that detail transactions on two different bank

1

accounts covering the period beginning December 31, 2005 through November 30, 2006. The current balance on each of the bank accounts are $62,381.04 and $5,519.74 evidencing SABA's availability of funding for compensating Dr. Nabi Raza Mir. (See exhibit 4);

(6) Dr. Nabi Raza Mir as a "minister of church" performing duties as such is exempt from federal wage taxes. However, Dr. Mir has paid self-employment tax as per the advice of his tax consultant, but that does not alter the fact that Dr. Mir is paid a fixed remuneration every month, and his monthly housing expense and medical insurance premiums are also paid by SABA, unaffected by the high or low intensity of Dr. Mir's ministerial duties. (See exhibits 5 and 8);

(7) Dr. Nabi Raza Mir, as an employee of an organization that is operated primarily for religious purposes is exempt from California wage taxes. However, Dr. Mir has paid self-employment tax as per the advice of his tax consultant, but that does not alter the fact that Dr. Mir is paid a fixed remuneration every month, and his monthly housing expense and medical insurance premiums are also paid by SABA, unaffected by the high or low intensity of Dr. Mir's ministerial duties. (See exhibits 6 and 9);

(8) We believe that in SABA, Inc.'s letter in support of SABA, Inc.'s I-360 Petition for Special Immigrant for Dr. Nabi Raza Mir, we gave a very detailed job description. While we do not understand the call of the question, we incorporate the relevant text from that letter and in addition, we further attempt to elaborate.

As a minister, Resident *Aalim*, head priest or [imam], Dr. Mir has the authority to lead *Salath* or worship sessions performed in Arabic language only. Obligatory *Salath* is performed five times every day, [*Fajr, Zohr, Asr, Maghrib and Isha*]. Religiously speaking, it is highly recommended that *Salath* is performed in a congregation. In Shia *Ithna Ashari* or *Jafari* tradition, there are many strict requirements as to who can lead prayers [*Salath*]. Due to the religious education Dr. Mir received and his personal commitment to purity of character, he is adequately trained and well-equipped to lead prayers.

Dr. Mir has been leading the *Maghrib and Isha* prayers on Thursdays, the *Zohr and Asr* prayers on Fridays and Sundays. Due to his training and qualifications, Dr. Mir also has the responsibility to deliver the Friday sermon.

Dr. Mir also has the responsibility to lead the highly recommended morning *Eid Salath* [prayers] in the months of *Ramadan* and *Dhul-Hijjah.*

During the whole month of *Ramadan,* Dr. Mir has the responsibility to lead the daily *Maghrib* and *Isha* prayers, followed by *dua,* special supplications and speech highlighting the teachings of the Quran and sayings of Prophet Mohammad, [peace be upon him] and importance of fasting and other issues relating to the conditions of fasting and addressing if fasting is recommended for people with special health conditions.

2

Dr. Mir also has the responsibility to lead *Maghrib* and *Isha* prayers for the first ten days of the month of *Moharram*, and every Thursday, Friday, Saturday and Sunday of the rest of the month of *Moharram*, *Safar* and eight days of the month of *Rabi-ul-Awwal*. followed by a speech marking the commemoration of the martyrdom of Imam Hussain, the grandson of the holy prophet, and his followers.

In addition to the above specified programs, gatherings are also held on the birthdays and death anniversaries of the fourteen *"Masoomeen"* (the infallibles), referring to Prophet Muhammad and his holy family (peace be upon them), as they occur as per the Islamic calendar. On each of these occasions, *Maghrib* and *Isha Salath* are performed under the leadership of Dr. Mir and a speech is delivered by him explaining the teachings in the Quran and the sayings of the fourteen *"Masoomeen"*.

Additionally, Dr. Mir has the duty to provide answers to all religious questions; provide counseling to youth with regard to peer pressure and other youth issues; provide marriage counseling with regard to husband-wife disputes; provide counseling on ethical issues as to when exactly it is religiously appropriate to withdraw or terminate life support system from patients in a critical medical situation and many, many other issues.

During the last five years, Dr. Mir has delivered 975 sermons and speeches, performed religious rites for 87 marriages, 55 spiritual divorces and 75 funerals. The record is not available with regard to religious rites he has performed on the occasion of child births. Fifty, sixty or more is a pretty accurate estimation in such cases.

Record is also not available as to how many sick people Dr. Mir has visited as part of his responsibility to fulfill his religious obligations and recite prayer or supplication [dua] for the sick;

(9) Dr. Mir will perform the same duties of a minister of religion, described in item no. 8, above, if he is granted an immigrant visa;

10) Enclosed is Dr. Nabi Raza Mir's completed IRS Form 4506-T. (See exhibit 7);

11) Enclosed are Dr. Nabi Raza Mir's federal tax returns for the year 2004 and 2005. (See exhibit 8);

12) Enclosed are Dr. Nabi Raza Mir's California tax returns for the years 2002 thru 2005. (See exhibit 9);

13) Enclosed is Dr. Nabi Raza Mir's statement listing all sources of any income, gifts or donations over $500 ... since his arrival in the United States. (See exhibit 10);

14) Dr. Nabi Raza Mir does not own any current business. However, documents related to

his former business in Dubai, U.A.E. are enclosed. (See exhibit 11);

15) Enclosed are copies of all pages of all passports (current and expired) in the possession of Dr. Nabi Raza Mir. (See exhibit 12);

16) Enclosed are copies of all Form I-94s in the possession of Dr. Nabi Raza Mir. (See exhibit 13);

17) Enclosed is a written statement describing all of Dr. Nabi Raza Mir's travel into and out of the United States. (See exhibit 14);

18) Enclosed is documentation given to Dr. Nabi Raza Mir by U.S. Customs regarding the incident when he re-entered the United States on July 20, 2002. (See exhibit 15);

19) Dr. Nabi Raza Mir's statement regarding where he obtained the confiscated items. (See exhibit 16);

20) Enclosed is SABA, Inc.'s certificate of good standing issued by Secretary for the state of California. (See exhibit 17);

21) Enclosed is a copy of the birth certificate of Abid Raza Mir, son of Dr. Nabi Raza Mir. (See exhibit 18);

22) Enclosed is a copy of the birth certificate of Abbas Raza Mir, son of Dr. Nabi Raza Mir. (See exhibit 19);

23) Enclosed is SABA's 2007 calendar with corresponding (Islamic) lunar calendar dates.

If you have any further questions, please feel free to contact us.

Sincerely yours

S. Rizvi

Syed Murtuza Rizvi
Member, Board of Directors

4



J. Department of Homeland Security
P.O. Box 10360
Laguna Niguel, CA 92607-1036

**U.S. Citizenship
and Immigration
Services**

Date: **DEC 29 2006**

Shia Association of Bay Area Inc.
4415 Fortran Ct.
San Jose, CA 95134

Refer to file no.: WAC 05 134 52734

### NOTICE OF DECISION

It is ordered by the Director, California Service Center, U.S. Citizenship and Immigration Services (USCIS) that the Form I-360, Petition for Amerasian, Widow (er), or Special Immigrant, filed for Nabi Raza Mir, be denied because:

### SEE ATTACHMENT

The petitioner may, if he or she wishes, appeal the Director's decision using the enclosed Notice of Appeal to the Administrative Appeals Office (AAO), Form I-290B. The petitioner must submit such an appeal to **THIS OFFICE** with a filing fee of **$385.00**. Do NOT send the appeal directly to the AAO. If the petitioner does not file an appeal within the time allowed, this decision is final.

A brief or other written statement in support of the appeal may be submitted with the Notice of Appeal. The Form I-290B must reach this office within 30 calendar days from the date this notice is served (33 days if this notice is mailed).

Please direct any questions to the USCIS office nearest the petitioner's residence.

Christina Poulos
Director

Enclosure: I-290B

cc: Zaheer Zaidi, Esquire
Ellia Law Firm
510 N. First Street, Suite 216
San Jose, CA 95112

www.uscis.gov

WAC 05 134 52734
Page 2

The petitioner, the Shia Association of Bay Area, Inc. (SABA), has filed Form I-360, Petition for
Amerasian, Widow(er) or Special Immigrant, for classification of the beneficiary, Raza Nabi Mir, as
a special immigrant religious worker pursuant to section 203(b)(4) of the Immigration and
Nationality Act (the "Act").

Section 203(b)(4) of the *Act* provides classification to a qualified special immigrant religious
worker defined in Section 101(a)(27)(C) of the Act who:

> (i) for at least 2 years immediately preceding the time of application for admission has
> been a member of a religious denomination having a bona fide nonprofit, religious
> organization in the United States; and

> (ii) seeks to enter the United States

>> (I) solely for the purpose of carrying on the vocation of minister of that religious
>> denomination,

>> (II) before October 1, 2008, in order to work for the organization at the request
>> of the organization in a professional capacity in a religious vocation or
>> occupation, or

>> (III) before October 1, 2008, in order to work for the organization (or for a bona
>> fide organization which is affiliated with the religious denomination and is
>> exempt from taxation as an organization described in section 501(c)(3) of the
>> Internal Revenue Code of 1986) at the request of the organization in a
>> religious vocation or occupation; and

> (iii) has been carrying on such vocation, professional work, or other work
> continuously for at least the 2-year period described in clause (i).

*Title 8, Code of Federal Regulations* ("8 C.F.R.") at *204.5(m)* describes *Religious workers*--
and, in relevant part, the requirements for obtaining this classification. In particular, 8
C.F.R. 204.5(m) states:

> (1) An alien, or any person in behalf of the alien, may file an I-360 visa petition for
> classification under section 203(b)(4) of the Act as a section 101(a)(27)(C)
> special immigrant religious worker...

> ... The alien must be coming to the United States solely for the purpose
> of carrying on the vocation of a minister of that religious denomination,
> working for the organization at the organization's request in a professional
> capacity in a religious vocation or occupation...

ATTACHMENT TO I-292

WAC 05 134 52734
Page 3

> All three types of religious workers must have been performing the
> vocation, professional work, or other work continuously (either abroad or in the
> United States) for at least the two-year period immediately preceding the filing
> of the petition.
>
> (4) *Job offer.* The letter from the authorized official of the religious
> organization in the United States must also state how the alien will be solely
> carrying on the vocation of a minister (including any terms of payment for
> services or other remuneration), or how the alien will be paid or remunerated if
> the alien will work in a professional religious capacity or in other religious
> work. The documentation should clearly indicate that the alien will not be
> solely dependent on supplemental employment or solicitation of funds for
> support. In doubtful cases, additional evidence such as bank letters, recent
> audits, church membership figures, and/or the number of individuals currently
> receiving compensation may be required.

In this case, the petition indicates that the beneficiary's services are sought as a Resident
Aalim. The support letter explains that he has been the religious minister or head priest and
has led the community members in prayers and other religious matters for the last three
years. According to the petitioner, the duties of the Resident *Aalim* or Religious Minister or
Head Priest of the Shia Association of Bay Area, Inc. ("SABA") are described as follows:

(a) Provide religious leadership;
(b) Act as the Spiritual Adviser of the Sunday School;
(c) Lead prayers and conduct other Islamic services, including conducting marriage
    and funeral ceremonies;
(d) Spread teachings of Islam according to *Fiqh-e-Jafaria*;
(e) Be available to give speeches at all the religious gatherings and functions of
    SABA;
(f) Provide interpretation of Islamic laws to the Board of Directors and members of
    SABA and the general public;
(g) Provide his opinion on adherence of all SABA corporate matters and activities
    to Islamic jurisprudence;
(h) Review amendments to SABA's bylaws to ensure conformance to *Sharia*
    (Islamic jurisprudence);
(i) Provide notice to the Secretary of the Corporation as to a director or
    directors' conduct that is not according to *Sharia* (Islamic jurisprudence);
(j) Guide the Board of Directors regarding the selection of guest speakers for
    SABA events;
(k) Guide the Board of Directors in selection of religious subjects for SABA's
    Sunday School;

ATTACHMENT TO I-292

WAC 05 134 52734
Page 4

      (l) Arrange a qualified substitute during his absence, other than his normal
          vacation, as per agreement; and to inform the Board of Directors of such
          substitute;

      (m) Uphold and follow the articles and bylaws of SABA;

      (n) Be available to SABA members for marital counseling and provide counseling
          on other religious matters;

      (o) Work closely with SABA Inc. Board of Directors to implement and uphold the
          constitution of SABA;

      (p) Contribute articles in our monthly newsletter called *Ba'ad-e-Saba*;

      (q) Respond to queries from community members on religious issues by setting
          aside specific office hours daily to correspond more effectively with members;

      (r) Organize and accompany Muslims on *Hajj/ziarats* (Obligatory Pilgrimage to
          Makkah and optional visitation to other holy places).

The petition indicates that the beneficiary's duties are similar in scope and function to the term
"minister" as defined in the regulations. 8 C.F.R. § 204.5(m)(2) defines a minister as follows:

    Minister means an individual duly authorized by a recognized religious
    denomination to conduct religious worship and to perform other duties usually
    performed by authorized members of the clergy of that religion. In all cases, there
    must be a reasonable connection between the activities performed and the
    religious calling of the minister. The term does not include a lay preacher not
    authorized to perform such duties.

As a Resident Aalim, classification of the beneficiary as a special immigrant religious worker
requires that the beneficiary be authorized by a recognized religious denomination to conduct
religious worship and to perform other duties usually performed by authorized members of the
clergy of that religion. 8 C.F.R. 204.5(m)(3)(ii) states that each petition must be accompanied by
documentary evidence to establish:

    (B) That, if the alien is a minister, he or she has authorization to conduct religious
    worship and to perform other duties usually performed by authorized members of
    the clergy, including a detailed description of such authorized duties. In appropriate
    cases, the certificate of ordination or authorization may be requested.

8 C.F.R. § 204.5(m)(4) requires that each petition for a religious worker be accompanied by
a qualifying job offer from an authorized official of the religious organization at which the
alien will be employed in the United States. The official must state the terms of payment for
services and other remuneration.

The record does not contain a comprehensive description of the petitioner's actual job offer.
According to regulation, a qualifying job offer must include a statement of the terms of

ATTACHMENT TO I-292

payment for the services and all other remuneration. Such amounts and the job offer itself are considered, along with the petitioning organization's ability to pay the alien the proffered wage, to determine whether the position constitutes qualifying full-time employment.

In response to USCIS' request for detailed duties of the beneficiary during the qualifying period, the petitioner responded that the beneficiary serves as its head priest or religious minister. The petitioner describes the prayers the beneficiary leads and the number of ceremonial events and other special events he has directed. The beneficiary's specific work schedule or hours per week was not provided. In describing the beneficiary's ministerial duties, the petitioner said they varied by high or low intensity.

In response to the Request for Evidence, the petitioner also included a statement from the beneficiary that gives very specific amounts and methods of compensation. However, no corroborating statement from the petitioner was submitted except a claim to pay the beneficiary $2000 a month in addition to an unspecified housing allowance and health insurance. What the beneficiary is actually paid is not evident from the documentation provided. The petitioner only provided the beneficiary's taxes to explain his compensation. Therefore, the petitioner has not complied with the regulatory requirement to provide a qualifying job offer stating clearly the terms of payment for services.

The petitioner claims the beneficiary will be employed as its head priest or religious minister but the record does not reflect the beneficiary is qualified for that position. No ordination certificate or its counterpart in the Shia Islamic faith is in the record. The beneficiary's education and job experience reflect that he has worked as a businessman, a scholar and a lecturer but not as a minister or member of the clergy. In contrast to the petitioner's job description, the beneficiary describes his job title as Director of Religious Affairs. The beneficiary's resume also states that he has had prior experience as an Import Manager and that he worked voluntarily as a Religious Leader in Tokyo and as a Visiting Lecturer for various Islamic Centers in Dubai, UAE. The application and the record reflect that the beneficiary was doing business in Dubai since 1998. The beneficiary received his college education at the Qum Islamic Sciences Seminary Complex in Qum, Iran, and his PhD in Theological Studies from the University of Tehran, Iman-e-Sadiq Institute in Tehran, Iran. The beneficiary does not consider himself a head priest or religious minister nor has he ever worked in that capacity.

The petitioner must establish that the beneficiary had the requisite two years of continuous experience in a religious occupation. The petition was filed on April 11, 2005. Therefore, the petitioner must establish that the beneficiary was continuously carrying on a religious occupation since at least April 2003. See section 101(a)(27)(C)(iii) of the Act.

ATTACHMENT TO I-292

WAC 05 134 52734
Page 6

The record does not establish that the beneficiary entered the United States *solely* to perform the duties of a minister. When he applied for his R-1 visa on November 19, 2001, the beneficiary stated that he worked as an import manager for Wishco, a Japanese company. His initial admission to the United States in R-1 nonimmigrant status was on February 15, 2002. He continued to work for Wishco while performing his duties for the petitioner until he reportedly resigned from Wishco in June 2002. The record also reflects that the beneficiary served as a director of Basim Trading Company, LLC, in Dubai, UAE, and held 24% ownership in the company. His role as a director of Basim involved contact with various government agencies, including customs and law enforcement officials. The petitioner submitted articles of incorporation of Basim Trading Company but no evidence of its dissolution or any evidence that the beneficiary sold his share in the company. In response to the Request for Evidence, the beneficiary made a statement regarding his extensive travel into and out of the United States. While he carefully describes the purpose of certain trips, he omitted these details on three of his trips to Japan. The purpose of one of his trips to Japan was to resign from Wishco, clearly a business trip that did not relate to his duties as a minister for the petitioner. The other three trips may have been business-related as well.

Background checks conducted by USCIS reveal that the beneficiary was caught bringing in $42,000 worth of diamonds at the San Francisco airport on July 20, 2002, without filing a customs declaration. He stated that he obtained the diamonds on credit from Peacemoon Traders in Mumbai, India and brought them to the United States for appraisal and a certificate from the "IG" (presumably the Gemological Institute of America). Thus, the beneficiary has demonstrated substantial involvement in secular employment and there is no evidence in the record that his relationship with these other businesses has ceased. Ongoing relationships with other businesses refute the intent that the beneficiary is coming to the United States to be engaged *solely* as a minister. Further secular employment does not appear to be consistent with a finding that the beneficiary has continuously worked in the vocation of a minister during the 2003-2005 qualifying period.

The petitioner has made no claim that the beneficiary engaged solely as a minister of the religious denomination for the two-year period in order to qualify for the benefit sought. Nor has the petitioner shown the beneficiary intends to engage *solely* in the work of a minister of religion in the United States. See Matter of Faith Assembly Church, 19 I&N Dec. 391 (Comm. 1986). Moreover, engaging "in any other work or occupation" is a factor to consider when determining if the alien's activities are inconsistent with the required continuous work. Matter of B, 3 I&N Dec. 162, 164 (CO 1948).

The beneficiary was interviewed recently on December 13, 2006, in conjunction with a site visit to SABA for this petition. The beneficiary explained that his failure to declare the diamonds upon his arrival on July 20, 2002 by saying that he "was managing the import of goods (in Japan) not actually carrying them into the country." He said further that he

ATTACHMENT TO I-292

"simply was not aware," and did not think that he needed to declare the diamonds because his intent was only to have them appraised. This statement is not credible since the beneficiary has worked as an import manager for a Japanese company, for a company in Dubai, and has extensive international import experience. He had to be familiar with the rules and regulations regarding declarations and import restrictions. The beneficiary's explanation that he did not know to declare the diamonds nor did he hide the diamonds is not plausible since the beneficiary and his family had been in the diamond business for many years and he had extensive international experience as an import manager. It is reasonable to assume that the beneficiary would know both the international import laws and would be aware of what had to be declared on customs forms. The beneficiary is well-educated, understands and reads several languages and was shown an in-flight video and had a form on customs declarations. Clearly, he should have known.

Because the beneficiary failed to declare the diamonds and USCIS believes he had knowledge that the diamonds should have been declared from his previous international import employment and family business ventures, the beneficiary lacks credibility that he was maintaining his qualifying religious employment. It is questionable whether the petitioner is telling the truth and whether the beneficiary had been and would be solely doing religious work. Once some elements submitted on a petition are found to be untrue, the remaining statements or information about the nature of the petition are called into question. Matter of Ho, 19 I&N Dec. 582 (Comm. 1988).

.. is incumbent upon the petitioner to resolve any inconsistencies in the record by independent, objective evidence; any attempts to explain or reconcile such inconsistencies, absent competent objective evidence pointing to where the truth lies, will not suffice. Matter of Ho, 19 I&N Dec. 582 (Comm. 1988). No such evidence was submitted that proves the beneficiary was working full-time and only for this organization.

The burden of proof in these proceedings rests solely with the petitioner. Section 291 of the Act, 8 U.S.C. 1361. As discussed, the petitioner has not sustained that burden.

Therefore, the petition to classify the beneficiary as a special immigrant religious worker is denied.

ATTACHMENT TO I-292

**Fee Stamp**

**In the Matter of:** Shia Association of Bay Area, Inc.
(Petitioner)

Dr. Nabi Raza Mir (Beneficiary)

**File**

12/29/2006   WAC-05-134-52734   WACBKV11

---

**1.** I am filing an appeal from the decision dated:

DEC 29 2006

---

**2.** Please check the **one** block that applies:

[ ] I am not submitting a separate brief or evidence.

[ ] I am submitting a separate brief and/or evidence with this form.

[x] I am sending a brief and/or evidence to the AAO within 30 days.

[ ] I need ____ days to submit a brief and/or evidence to the AAO. *(May be granted only for good cause shown. Explain in a separate letter, and attach the letter to your form.)*

---

**Person Filing Appeal**

**Signature**

Name    ZAHEER ZAIDI

Address    , 510 N. FIRST ST. SUITE 216
          *Number*              *Street*

SAN JOSE    CALIFORNIA    95112
*City*        *State*        *Zip Code*

Telephone No. (408) 287-0320

E-mail address, if any zaheer z@pacbell.net

Date    January 27, 2007

[x] I am an attorney or representative, and I represent: SABA, INC.

*Person and/or organization for whom you are appearing.*
Telephone No. (408) 946-5700

E-mail address, if any saba@saba-igc.org

**You must attach a Notice of Entry of Appearance (Form G-28) if you are an attorney or representative and did not submit such a form before.**

---

**3.** Briefly, state the reason(s) for this appeal: Contrary to the record in evidence in this case, the CIS has held that the beneficiary does not qualify for the position of a religeous minister. CIS also stated in its decision that it is "questionable whether the petitioner is tell-ing the truth and whether the beneficiary had been and would be solely doing religious work." First, there is nothing in the record to discredit petitioner's credibility. Sec-ond, CIS did not share its concern for the beneficiary "solely doing religious work." Even though CIS conceded that petitioner need to prove that beneficiary was solely carr-ing on religious occupation, since April 2003, it cited beneficiary's entry in July 2002 with diamonds [[brought for certification only]. He subsequently departed the U.S. on 11/26/2002 and 01/30/2003 and returned to the U.S. on 12/26/2002 & 02/27/2003 without any diamonds. The CIS has now absurdly and against the law denied the I-360 petition, when it renewed the beneficiary's R-1 status without any qualms.



**U.S. Department of Homeland Security**
20 Mass. Ave., N.W., Rm. 3000
Washington, DC 20529

**U.S. Citizenship**
**and Immigration**
**Services**

SHIA ASSOCIATION OF BAY AREA
4415 FORTRAN CT.
SAN JOSE, CA 95134

FILE:    WAC 05 134 52734    Office: CALIFORNIA SERVICE CENTER    Date:  **JUN 1 4 2007**

IN RE:    Petitioner:    SHIA ASSOCIATION OF BAY AREA
            Beneficiary:  NABI RAZA MIR

PETITION:    Immigrant Petition for Special Immigrant Religious Worker Pursuant to Section 203(b)(4) of
            the Immigration and Nationality Act (the Act), 8 U.S.C. § 1153(b)(4), as described at Section
            101(a)(27)(C) of the Act, 8 U.S.C. § 1101(a)(27)(C)

ON BEHALF OF PETITIONER:

JILL STANTON
400 MONTGOMERY, STE. 810
SAN FRANCISCO, CA 94104

INSTRUCTIONS:

This is the decision of the Administrative Appeals Office in your case. All documents have been returned to
the office that originally decided your case. Any further inquiry must be made to that office.

*Maura Deadnek*

Robert P. Wiemann, Chief
Administrative Appeals Office

**DISCUSSION:** The Director, California Service Center, denied the employment-based immigrant visa petition. The matter is now before the Administrative Appeals Office on appeal. The decision of the director will be withdrawn and the petition will be remanded for further action and consideration.

Originally, the petitioner's sole attorney was Zaheer Zaidi of Elia Law Firm, San Jose, California. On appeal, the petitioner submits a brief from Zaheer Zaidi, but the petitioner also submits a new Form G-28 Notice of Entry of Appearance as Attorney or Representative, naming Jill Stanton as the petitioner's attorney of record. Both attorneys participate in the appeal, and Ms. Stanton refers to herself as "co-counsel." The AAO, however, does not recognize joint or simultaneous representation of this kind. While we will give due consideration to arguments offered by Zaheer Zaidi, the most recent Form G-28, naming Ms. Stanton as the attorney of record, supersedes any prior G-28 relating to Zaheer Zaidi. Therefore, in this decision, the term "prior counsel" shall refer to Zaheer Zaidi, and the term "counsel" shall refer to Jill Stanton.

The petitioner is a mosque of the Shia Muslim denomination. It seeks to classify the beneficiary as a special immigrant religious worker pursuant to section 203(b)(4) of the Immigration and Nationality Act (the Act), 8 U.S.C. § 1153(b)(4), to perform services as an *aalim*, or head priest. The director determined that the petitioner had not established that (1) it had made a qualifying job offer to the beneficiary, (2) the beneficiary possesses the necessary qualifications for the position offered, (3) the beneficiary had the requisite two years of continuous work experience as an *aalim* immediately preceding the filing date of the petition, or (4) the beneficiary intends to work solely as an *aalim*. In addition, the director questioned the beneficiary's credibility.

On appeal, the petitioner's prior counsel requests oral argument. Apart from the fact that we can no longer recognize prior counsel as the petitioner's attorney, the regulations provide that the requesting party must explain in writing why oral argument is necessary. Furthermore, Citizenship and Immigration Services has the sole authority to grant or deny a request for oral argument and will grant argument only in cases involving unique factors or issues of law that cannot be adequately addressed in writing. *See* 8 C.F.R. § 103.3(b). In this instance, neither prior counsel nor counsel has identified any unique factors or issues of law to be resolved. The stated ground for the request is that prior counsel is not clear on what the director requires to establish that the petition should be approved. The AAO hopes to resolve this ambiguity through the present remand order. Consequently, the request for oral argument is denied.

Section 203(b)(4) of the Act provides classification to qualified special immigrant religious workers as described in section 101(a)(27)(C) of the Act, 8 U.S.C. § 1101(a)(27)(C), which pertains to an immigrant who:

> (i) for at least 2 years immediately preceding the time of application for admission, has been a member of a religious denomination having a bona fide nonprofit, religious organization in the United States;

> (ii) seeks to enter the United States--

>> (I) solely for the purpose of carrying on the vocation of a minister of that religious denomination,

>    (II) before October 1, 2008, in order to work for the organization at the request of the
>    organization in a professional capacity in a religious vocation or occupation, or

>    (III) before October 1, 2008, in order to work for the organization (or for a bona fide
>    organization which is affiliated with the religious denomination and is exempt from
>    taxation as an organization described in section 501(c)(3) of the Internal Revenue Code
>    of 1986) at the request of the organization in a religious vocation or occupation; and

>    (iii) has been carrying on such vocation, professional work, or other work continuously for at
>    least the 2-year period described in clause (i).

First, we shall discuss the issue of the beneficiary's qualifications for the position of *aalim*. The petitioner has
equated this position with that of a minister. 8 C.F.R. § 204.5(m)(ii)(B) requires the prospective employer to
establish that the beneficiary has authorization to conduct religious worship and to perform other duties
usually performed by authorized members of the clergy, including a detailed description of such authorized
duties. In appropriate cases, the certificate of ordination or authorization may be requested.

In an introductory letter submitted with the initial filing, Sajjad Mir, President of the petitioner's Board of
Directors, stated that the beneficiary earned a doctoral degrees in Islamic Theology and Philosophy, and that
he additionally holds lesser degrees in "Theology and Islamic Sciences." He did not, however, specify the
nature of the credentials that authorize the beneficiary to perform the duties of clergy.

In a résumé submitted with the petition, the beneficiary did not expressly claim ministerial credentials.
Rather, he identified himself as the petitioner's "Director of Religious Affairs," whose duties include
"[p]roviding religious guidance to the [petitioner's] Board of Directors," "[c]onducting weekly Thursday
night lectures, Friday programs and leading prayers at" the petitioning mosque, "[g]iv[ing] lectures and
lead[ing] seminars on various Islamic topics," and "[s]upervis[ing] weekend Islamic school." The petitioner's
newsletter from January 2004 refers to the beneficiary (under the surname "Abidi") as the petitioner's
"resident Aalim."

On December 11, 2006, the director issued a request for evidence (RFE), informing the petitioner that the
petition could not be approved without additional evidence and information. The RFE had an abbreviated
response period, owing to the petitioner's request for expeditious handling of the matter. The director did not,
at that time, request a certificate of ordination, nor did the 19-point RFE otherwise touch on the issue of the
beneficiary's ordination or comparable authorization to perform the duties of clergy in his denomination.
Nevertheless, when the director denied the petition on December 29, 2006, the director stated:

>    No ordination certificate or its counterpart in the Shia Islamic faith is in the record. The
>    beneficiary's education and job experience reflect that he has worked as a businessman, a
>    scholar and a lecturer but not as a minister or member of the clergy. In contrast to the
>    petitioner's job description, the beneficiary describes his job title as Director of Religious
>    Affairs. The beneficiary's resume also states that he has had prior experience as an Import
>    Manager and that he worked voluntarily as a Religious Leader in Tokyo and as a Visiting

> Lecturer for various Islamic Centers in Dubai, UAE. The application and the record reflect
> that the beneficiary was doing business in Dubai since 1998. . . . The beneficiary does not
> consider himself a head priest or religious minister nor has he ever worked in that capacity.

On appeal, counsel asserts that the beneficiary's use of the term "Director of Religious Affairs" on his résumé is a semantic issue rather than an admission that he is not an *aalim*. We agree that the beneficiary's choice of terminology is not, in itself, a disqualifying factor or strong grounds for denial of the petition.

Counsel claims that the beneficiary earned his degrees in "specific programs for the training of Shi'a clerics & theologians, and their diplomas are equivalent to Christian ordination, empowering their recipients to become Islamic ministers." To support this claim, the petitioner has submitted letters from religious authorities in Chicago, New York and New Delhi, attesting to the sufficiency of the beneficiary's background and qualifications. The AAO is of the opinion that these letters are not easily dismissed, and have considerable weight regarding the issue of the beneficiary's qualifications as an *aalim*. If the director is still concerned about the beneficiary's qualifications, or the sufficiency of evidence offered regarding those qualifications, then the director should articulate these concerns in a new RFE and specify the type of evidence that the director would consider sufficient in that regard. As we have noted, the director's prior RFE did not touch on the issue of the beneficiary's qualifications at all.

Pursuant to the above discussion, the AAO withdraws the director's finding regarding the beneficiary's qualifications as an *aalim*.

The next issue relates to the job offer extended to the beneficiary. 8 C.F.R. § 204.5(m)(4) requires the petitioner to submit a letter from an authorized official of the religious organization in the United States seeking to employ the beneficiary, stating how the alien will be solely carrying on the vocation of a minister (including any terms of payment for services or other remuneration).

Sajjad Mir stated in his introductory letter that the petitioner "continues to pay [the beneficiary] $2000.00 as his monthly salary. He has also been provided with a suitable accommodation, and health benefits have also been extended to him."

Copies of canceled checks show that the petitioner has provided the beneficiary with $2,000 on most, but not all, months since January 2003. A lease agreement indicates that the beneficiary sublet a dwelling from the petitioner. The agreement does not show that the accommodations were provided free of charge. Rather, the lease requires $1,200 rent per month, in addition to a $1,000 security deposit. The agreement also specifies that the petitioner would not be responsible for any utility payments. There is no written provision for the rent payments to be waived in exchange for the beneficiary's services. Given the terms of the sublease, the beneficiary's accommodations are essentially subtracted from, rather than part of, his compensation from the petitioner.

The director's 19-item RFE, mentioned above, contained no inquiry about the nature of the job offer.

The director denied the petition on December 29, 2006, based in part on the finding that the petitioner had failed to provide a "comprehensive description of the petitioner's actual job offer" including "the terms of payment for the services and all other remuneration." The director acknowledged that a statement from the beneficiary contained "very specific amounts and methods of compensation," but "no corroborating statement from the petitioner was submitted except a claim to pay the beneficiary $2000 a month in addition to any unspecified housing allowance and health insurance. What the beneficiary is actually paid is not evident from the documentation provided."

On appeal, counsel states: "the 2005 income tax returns of the beneficiary clearly indicate that he is already being paid [$2,000 per month] by" the petitioning organization. Actually, the 2005 tax return itself (which we shall discuss in greater detail elsewhere in this decision) does not identify the source of the beneficiary's income, although the beneficiary's claim of $24,000 in salary is consistent with monthly payments of $2,000 from the petitioner. The petitioner has submitted copies of some $2,000 checks dated 2005, payable to "Dr. Abidi," cited as a name sometimes used by the beneficiary, although the name "Abidi" appears nowhere on his passport or on the Form I-360 petition.

Prior counsel asserts that the petitioner has described, in detail, the beneficiary's compensation package, and that "[t]here is abundant evidence now to establish that the beneficiary has been and will be 'solely carrying on the vocation of a minister.'" We agree that the petitioner has adequately described the claimed arrangements for the beneficiary's compensation. We shall return to the issue of whether the beneficiary will be solely carrying on the vocation of a minister.

We agree that the petitioner has established monthly $2,000 payments to the beneficiary (which appear to have increased to $2,500 monthly). There is also strong evidence regarding payment of the beneficiary's medical benefits; his name appears in the "memo" section of several checks paid to a health plan. There remain, however, questions about the beneficiary's compensation. Most significantly, the petitioner has claimed that it provides the beneficiary's housing, and the beneficiary has specified this amount at $1,750 per month, but this information conflicts with the previously submitted lease agreement, which indicates that the beneficiary owes the petitioner $1,200 rent per month. This lease agreement is a contemporaneous documentary record; the letters carry less weight as statements written for the express purpose of securing immigration benefits for the beneficiary. Given that both the beneficiary and an official of the petitioning mosque have signed a legally binding document obligating the beneficiary to compensate the petitioner for housing, it is anything but obvious that the petitioner provides the beneficiary's housing free of charge.

The petitioner submits, on appeal, copies of several monthly checks from the petitioner payable to "Ali Khan." The name of Ali Khan appears nowhere on the lease agreement between the petitioner and the beneficiary. Many of these checks are for $1,715, but the amount sometimes varies. Many of these checks are marked "Rent"; some checks from 2006 are marked "Maulana's Rent." A newsletter previously issued by the petitioning mosque uses the honorific title "Maulana" in reference to the beneficiary, but also in reference to several other individuals. Therefore, the term "Maulana" is clearly not exclusive to the beneficiary.

It may well be that the checks reproduced in the record paid the beneficiary's rent. Nevertheless, because the checks contain no clear mention of the beneficiary, the lease agreement does not mention Ali Khan, and the

monthly rent shown on the checks does not match the amount shown on the lease agreement, the available evidence is not sufficient to show that the petitioner has provided and paid for the beneficiary's housing. Additional documentary evidence is needed in this regard, and the director must allow the petitioner an opportunity to provide such evidence before the director renders a new decision.

Finally, we come to the related issues of the beneficiary's past experience and the purpose for which he intends to enter the United States. The regulation at 8 C.F.R. § 204.5(m)(1) indicates that the "religious workers must have been performing the vocation, professional work, or other work continuously (either abroad or in the United States) for at least the two-year period immediately preceding the filing of the petition." 8 C.F.R. § 204.5(m)(3)(ii)(A) requires the petitioner to demonstrate that, immediately prior to the filing of the petition, the alien has the required two years of experience in the religious vocation, professional religious work, or other religious work. The petition was filed on April 11, 2005. Therefore, the petitioner must establish that the beneficiary was continuously performing the duties of an *aalim* throughout the two years immediately prior to that date.

Section 101(a)(27)(C)(ii)(I) of the Act, 8 U.S.C. § 1101(a)(27)(C)(ii)(I), requires that the alien seeking classification "seeks to enter the United States . . . solely for the purpose of carrying on the vocation of a minister." The AAO interprets the language of the statute, when it refers to "entry" into the United States, to refer to the alien's intended *future* entry *as an immigrant*, either by crossing the border with an immigrant visa, or by adjusting status within the United States. This is consistent with the phrase "*seeks* to enter," which describes the entry as a future act. Therefore, past entries by the beneficiary as a nonimmigrant are not definitive or dispositive in this regard, although depending on the individual circumstances they may be relevant to the issue of the beneficiary's intended future activities.

Sajjad Mir stated in his introductory letter that the beneficiary "started serving [the petitioner] in February 2002, after he was issued an R-1 (non-immigrant Religious Worker) visa by the American Embassy in Japan and his R-1 status has later been extended." Sajjad Mir added that the beneficiary "also served the Islamic Community of Tokyo, Japan from March 2000 to December 2001 as a Resident Scholar on a voluntary basis while he was working there as an import manager."

The petitioner submitted copies of canceled checks showing that the petitioner paid the beneficiary $2,000 per month from January 2003 to March 2005. The sequence is not continuous; there are no checks from February 2003, October 2003 or February 2004. While there is no check from August 2004, there is a photocopy of a pay receipt from that month. The 2003 and 2004 checks are in the beneficiary's true name; the three checks from early 2005 are payable to "Dr. Abidi.". The January and March 2005 checks (neither of which are stamped as having been presented for payment) are for $2,000 each; the canceled February 2005 check is for $2,500.

The director, in the RFE, requested copies of the beneficiary's income tax returns for 2002 through 2005, as well as documentation of the source or sources of that income. The returns show that, each year, the beneficiary filed not only an Internal Revenue Service Form 1040 return, but also Schedule SE, Self-Employment Tax. Self-employment income is taxed separately from salary income, as is clear from the structure of Form 1040 and Schedule SE.

The petitioner asserted that the beneficiary "is paid a fixed remuneration every month," and "has paid self-employment tax as per the advice of his tax consultant." In a statement dated December 16, 2006, the beneficiary stated:

> Since my 2002 arrival in the United States, my only source of income is my employer, [the petitioner].

> I have not received any gifts over $500.00 in value from [the petitioner] other than my present monthly salary in the amount of $2,500.00, monthly housing allowance in the amount of $1,750.00, and medical health plan premiums in the amount of $8,499.00 annually.

> I have not received any income from any other source since my arrival in the United States in 2002.

The beneficiary's self-prepared tax returns, however, appear to tell a different story. Those returns, including Form 1040 and Schedule SE, show the following information:

|                               | 2002     | 2003     | 2004     | 2005     |
|-------------------------------|----------|----------|----------|----------|
| Wages, salaries, tips, etc.   | $10,500  | $20,000  | $20,000  | $24,000  |
| Taxable income                | 2,283    | 0        | 0        | 0        |
| Tax                           | 229      | 0        | 0        | 0        |
| Net profit (from Schedule SE) | 18,285   | 27,520   | 22,637   | 38,400   |
| Self-employment tax           | 2,584    | 3,888    | 3,198    | 5,426    |

In each year, the beneficiary's "net profit" exceeds his reported salary; the "net profit" for 2005 exceeded that salary by 60%. The fluctuating "net profit" amounts are not at all consistent with "a fixed remuneration" as the petitioner claims. Salaries and profits from self-employment are separate categories of income; they are not interchangeable terms. This fact, coupled with the discrepant amounts, strongly suggests an unidentified second source of income. The beneficiary's tax returns therefore raise more questions than they answer. The salary amounts for 2003-2005, all evenly divisible by 2,000, are generally consistent with monthly $2,000 payments from the petitioner. This indicates that the beneficiary reported those checks as salary rather than as "net profit." The petitioner did not submit any documentation to show the source of the beneficiary's $88,557 in "net profit" from self-employment during those three years, and the beneficiary essentially denied its existence by claiming that the petitioner was his only source of income during that period.

Documents submitted by the petitioner show that the beneficiary owned 24% of Basim Trading, a limited liability corporation based in Dubai in the United Arab Emirates, and engaged in trading electronics and appliances. The record does not contain any evidence that the beneficiary ever sold his interest in that company. The beneficiary's passport shows a very significant amount of international travel before and, to a lesser extent, during the two-year qualifying period. After April 11, 2003, the beneficiary traveled repeatedly to the United Arab Emirates (home of Basim Trading) as well as Iran and Saudi Arabia. The beneficiary also traveled repeatedly to Japan during 2002, when he was already employed by the petitioner. The beneficiary

claimed that, in June 2002, he resigned from an unspecified position at a Japanese company called Wishco, but he visited Japan on subsequent occasions, for instance between November 27 and December 7, 2002.

Upon his return from a trip to India and Malaysia in July 2002, the United States Customs Service examined the beneficiary's luggage and discovered 24 loose diamonds and other jewels which the beneficiary had failed to disclose on his customs declaration. Documents in the record indicate that Customs seized the stones, valued at over $40,000, but subsequently returned them on bond. The director, in the RFE, requested the beneficiary's explanation. The beneficiary claimed that he purchased the stones from Peacemoon Traders in India, and that he had brought them to the United States solely for the purpose of having them appraised and certified.

On December 13, 2006, an immigration officer interviewed the beneficiary regarding the undeclared diamonds. The beneficiary stated that he had not been aware that he was required to declare the diamonds to Customs.

In denying the petition, the director noted the beneficiary's business activities and concluded: "The record does not establish that the beneficiary entered the United States *solely* to perform the duties of a minister." The director further found that "[t]he petitioner has made no claim that the beneficiary engaged solely as a minister of the religious denomination [during] the two-year period" immediately prior to the filing date. Regarding the diamonds, the director did not find the beneficiary's attempted explanation to be credible. Noting that "the beneficiary and his family had been in the diamond business for many years and he had extensive international experience as an import manager," the director found it to be unlikely that the beneficiary would be ignorant of customs proceedings involving the transport of $40,000 worth of diamonds. Therefore, the director concluded, the beneficiary's personal attestations have diminished weight in this proceeding. The director found that the petitioner failed to demonstrate that "the beneficiary was working full-time and only for [the petitioning] organization."

In finding the beneficiary's credibility to be a factor, the director cited *Matter of Ho*, 19 I&N Dec. 582 (BIA 1988), which states that doubt cast on any aspect of the petitioner's proof may lead to a reevaluation of the reliability and sufficiency of the remaining evidence offered in support of the visa petition. *Id.* at 586. It is incumbent upon the petitioner to resolve any inconsistencies in the record by independent objective evidence, and attempts to explain or reconcile such inconsistencies, absent competent objective evidence pointing to where the truth, in fact, lies, will not suffice. *Id.* at 582, 592.

The AAO agrees with the director that the beneficiary's credibility is a material issue in this proceeding, and there do appear to be questions in this regard. For instance, he claims that his sole income in the United States has consisted of monthly $2,000 checks from the petitioner, but he claimed an additional $38,400 in "self-employment" income on his 2005 tax return (which, in turn, the beneficiary had marked "self-prepared"). That being said, however, the director appears to have relied too heavily on the issue of the diamonds that the beneficiary was carrying in 2002. The two-year qualifying period did not commence until April 2003, and therefore the beneficiary's activities the previous summer are of at best secondary consequence. Even if the beneficiary had brought those diamonds in pursuit of an active import/export business, this by itself would not establish that he seeks to engage in such business in the future.

The key is that, by statute, the beneficiary must have been engaged solely as a minister both during and after the 2003-2005 qualifying period. A definitive conclusion in this matter appears to hinge on the petitioner's ability to explain the $88,557 in income that the beneficiary reported over and above his $64,000 in salaries on his tax returns for 2003-2005. It cannot and will not suffice for the petitioner to produce a statement from the beneficiary to the effect that he made a series of mistakes on his tax returns; the information on the returns appears to be internally consistent.

We acknowledge the petitioner's submission, on appeal, of a substantial number of witness statements from members of the petitioner's congregation. These individuals attest to the beneficiary's work on behalf of the petitioning mosque and its worshipers. The director did not claim that the beneficiary does not work at the mosque. The issue, rather, is whether this religious work is the beneficiary's *only* source of income. The record, as it now stands, raises questions in this regard. Letters describing the beneficiary as an *aalim* cannot resolve this issue, as the petitioner's parishioners are unlikely to have such sure and certain knowledge of all of the beneficiary's activities that they can rule out his involvement in outside income-generating work.

For the above reasons, we find the director's decision to be deficient, and hereby withdraw that decision. At the same time, however, we find that the petition cannot properly be approved unless and until the petitioner adequately addresses the issues enumerated above.

We note that the petitioner has, on more than one occasion, emphasized the importance of expeditious handling of this proceeding. We acknowledge the petitioner's concerns, and stress here that the purpose of this remand order is not to cause further delays, but rather to allow the petitioner a fair opportunity to address deficiencies in the record. If the petitioner were to demand or insist upon a decision based on the record as it now stands, then denial would be the only appropriate course of action owing to the absence of crucial information, as described above. Therefore, the purpose of this remand order is not to defer or delay a final outcome, but rather to afford the petitioner a final opportunity to remedy these deficiencies in the record.

Therefore, this matter will be remanded. The director may request any additional evidence deemed warranted and should allow the petitioner to submit additional evidence in support of its position within a reasonable period of time. As always in these proceedings, the burden of proof rests solely with the petitioner. Section 291 of the Act, 8 U.S.C. § 1361.

**ORDER:**     The director's decision is withdrawn. The petition is remanded to the director for further action in accordance with the foregoing and entry of a new decision which, regardless of the outcome, is to be certified to the Administrative Appeals Office for review.



**FedEx.**   Ship  **Track/History**  Address Book  Preferences  Fast Ship  Reports  My Profile

`<< Log out`  `Home`                                                          **Quick help**

**Your Shipment Details:**

| | | | |
|---|---|---|---|
| **Ship to:** | Nebraska Service Center<br>USCIS<br>850 "S" street<br>Lincoln, NE 68508<br>US<br>(800) 375-5283 | **Package type:**<br>**Pickup/Drop Off:**<br>**Weight:**<br>**Dimensions:**<br>**Declared value:**<br>**Shipper account number:** | FedEx Pak<br>give to scheduled courier at my location<br>2 LBS<br>0 x 0 x 0 in<br>0 USD<br>159806731 |
| **From:** | Bijan Tabrizi<br>LAW OFFICE OF JILL<br>STANTON<br>400 MONTGOMERY<br>STREET, STE. 810<br>SAN FRANCISCO, CA<br>94104<br>US<br>4153926161 | **Bill transportation to:**<br>**Courtesy rate quote:***<br>**Discounted variable %**<br>**Special services:**<br>**Shipment Purpose:**<br>**Shipment type:** | 159806731<br>36.3<br>0.00<br><br><br>Express |

**Tracking no:**         791312158840
**Your reference:**       SABA
**Ship date:**            May 31 2007
**Service type:**         Standard Overnight

`Print`                                                `Return to History`  `Track shipment`

**Please note**

.*The courtesy rate shown here may be different than the actual charges for your shipment. Differences may occur based on actual weight, dimensions, and other factors. Consult the applicable FedEx Service Guide or the FedEx Rate Sheets for details on how shipping charges are calculated.

FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g., jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits; Consult the applicable FedEx Service Guide for details.

From:    Origin ID: APCA   (415)392-6161
Bijan Tabrizi
LAW OFFICE OF JILL STANTON
400 MONTGOMERY STREET, STE. 810

SAN FRANCISCO, CA 94104

**FedEx** Express

SHIP TO:   (800)375-5283      **BILL SENDER**
**Nebraska Service Center**
**USCIS**
850 'S' street

**Lincoln, NE 68508**

Ship Date: 31MAY07
ActWgt: 2 LB
System#: 1453655/INET2600
Account#: S *********

Delivery Address Bar Code



Ref #     SABA
Invoice #
PO #
Dept #

JUN 1   2007   -II 19:04  4 9 4

**STANDARD OVERNIGHT**                          **FRI**

TRK#   **7913  1215  8840**     FORM 0201     Deliver By:
01JUN07

**OMA**     A2

68508    -NE-US

**XH LNKA**



Shipping Label: Your shipment is complete

1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.

2. Fold the printed page along the horizontal line.

3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

# VISA BULLETIN FOR JUNE 2007

**A. STATUTORY NUMBERS:**

1. This bulletin summarizes the availability of immigrant numbers during June. Consular officers are required to [
Department of State documentarily qualified applicants for numerically limited visas; the Bureau of Citizenship a
Immigration Services in the Department of Homeland Security reports applicants for adjustment of status. Alloca
made, to the extent possible under the numerical limitations, for the demand received by May 11th in the chrono
order of the reported priority dates. If the demand could not be satisfied within the statutory or regulatory limits, t
or foreign state in which demand was excessive was deemed oversubscribed. The cut-off date for an oversubsc
category is the priority date of the first applicant who could not be reached within the numerical limits. Only appli
have a priority date earlier than the cut-off date may be allotted a number. Immediately that it becomes necessa
the monthly allocation process to retrogress a cut-off date, supplemental requests for numbers will be honored c
priority date falls within the new cut-off date. 2. Section 201 of the Immigration and Nationality Act (INA) sets an
minimum family-sponsored preference limit of 226,000. The worldwide level for annual employment-based prefe
immigrants is at least 140,000. Section 202 prescribes that the per-country limit for preference immigrants is set
the total annual family-sponsored and employment-based preference limits, i.e., 25,620. The dependent area lin
2%, or 7,320.

3. Section 203 of the INA prescribes preference classes for allotment of immigrant visas as follows:

**FAMILY-SPONSORED PREFERENCES**

First : Unmarried Sons and Daughters of Citizens: 23,400 plus any numbers not required for fourth preference.

Second : Spouses and Children, and Unmarried Sons and Daughters of Permanent Residents: 114,200, plus th·
any) by which the worldwide family preference level exceeds 226,000, and any unused first preference numbers

A. Spouses and Children: 77% of the overall second preference limitation, of which 75% are exempt from the pe
limit;

B. Unmarried Sons and Daughters (21 years of age or older): 23% of the overall second preference limitation.

Third : Married Sons and Daughters of Citizens: 23,400, plus any numbers not required by first and second prefe

Fourth : Brothers and Sisters of Adult Citizens: 65,000, plus any numbers not required by first three preferences

**EMPLOYMENT-BASED PREFERENCES**

First : Priority Workers: 28.6% of the worldwide employment-based preference level, plus any numbers not requ
fourth and fifth preferences.

Second : Members of the Professions Holding Advanced Degrees or Persons of Exceptional Ability: 28.6% of th
employment-based preference level, plus any numbers not required by first preference.

Third : Skilled Workers, Professionals, and Other Workers: 28.6% of the worldwide level, plus any numbers not i
first and second preferences, not more than 10,000 of which to "Other Workers".

Fourth : Certain Special Immigrants: 7.1% of the worldwide level.

Fifth : Employment Creation: 7.1% of the worldwide level, not less than 3,000 of which reserved for investors in ·
rural or high-unemployment area, and 3,000 set aside for investors in regional centers by Sec. 610 of P.L. 102-3

4. INA Section 203(e) provides that family-sponsored and employment-based preference visas be issued to elig
immigrants in the order in which a petition in behalf of each has been filed. Section 203(d) provides that spouses
children of preference immigrants are entitled to the same status, and the same order of consideration, if accom
following to join the principal. The visa prorating provisions of Section 202(e) apply to allocations for a foreign st
dependent area when visa demand exceeds the per-country limit. These provisions apply at present to the follo\
oversubscribed chargeability areas: CHINA-mainland born, INDIA, MEXICO, and PHILIPPINES.

| 1st | 01JUN01 | 01JUN01 | 01JUN01 | 01JAN91 | 22APR92 |
|-----|---------|---------|---------|---------|---------|
| 2A | 22APR02 | 22APR02 | 22APR02 | 01MAY01 | 22APR02 |
| 2B | 01DEC97 | 01DEC97 | 01DEC97 | 08MAR92 | 01OCT96 |
| 3rd | 15MAY99 | 15MAY99 | 15MAY99 | 08FEB88 | 01JAN85 |
| 4th | 08JUN96 | 08JAN96 | 22JAN96 | 15JUL94 | 01MAR85 |

**\*NOTE:** For June, 2A numbers EXEMPT from per-country limit are available to applicants from all countries with dates earlier than 01MAY01. 2A numbers SUBJECT to per-country limit are available to applicants chargeable t countries EXCEPT MEXICO with priority dates beginning 01MAY01 and earlier than 22APR02. (All 2A numbers for MEXICO are exempt from the per-country limit; there are no 2A numbers for MEXICO subject to per-country

| | All Charge-ability Areas Except Those Listed | CHINA-mainland born | INDIA | MEXICO | PHILIP-PINES |
|---|---|---|---|---|---|
| **Employ-ment-Based** | | | | | |
| 1st | C | C | C | C | C |
| 2nd | C | 01JAN06 | 01APR04 | C | C |
| 3rd | 01JUN05 | 01JUN03 | 01JUN03 | 01JUN03 | 01JUN05 |
| Other Workers | 01OCT01 | 01OCT01 | 01OCT01 | 01OCT01 | 01OCT01 |
| 4th | C | C | C | C | C |
| Certain Religious Workers | C | C | C | C | C |
| Iraqi & Afghani Translators | 18SEP06 | 18SEP06 | 18SEP06 | 18SEP06 | 18SEP06 |
| 5th | C | C | C | C | C |
| Targeted Employ-ment Areas/ Regional Centers | C | C | C | C | C |

The Department of State has available a recorded message with visa availability information which can be heard code 202) 663-1541. This recording will be updated in the middle of each month with information on cut-off date following month.

Employment Third Preference Other Workers Category: Section 203(e) of the NACARA, as amended by Section Pub. L. 105 - 139, provides that once the Employment Third Preference Other Worker (EW) cut-off date has rea priority date of the latest EW petition approved prior to November 19, 1997, the 10,000 EW numbers available fc year are to be reduced by up to 5,000 annually beginning in the following fiscal year. This reduction is to be mac long as necessary to offset adjustments under the NACARA program. Since the EW cut-off date reached Noven 1997 during Fiscal Year 2001, the reduction in the EW annual limit to 5,000 began in Fiscal Year 2002.

**B. DIVERSITY IMMIGRANT (DV) CATEGORY**

Section 203(c) of the Immigration and Nationality Act provides a maximum of up to 55,000 immigrant visas each to permit immigration opportunities for persons from countries other than the principal sources of current immign United States. The Nicaraguan and Central American Relief Act (NACARA) passed by Congress in November 1 stipulates that beginning with DV-99, and for as long as necessary, up to 5,000 of the 55,000 annually-allocated visas will be made available for use under the NACARA program. **This reduction has resulted in the DV-2007**

| Region | All DV Chargeability Areas Except Those Listed Separately | |
|---|---|---|
| AFRICA | 27,000 | Except: Egypt: 21,800 Ethiopia: 18,900 Nigeria: 14,600 |
| ASIA | 6,800 | |
| EUROPE | 19,000 | Except: Ukraine 11,850 |
| NORTH AMERICA (BAHAMAS) | 7 | |
| OCEANIA | 1,100 | |
| SOUTH AMERICA, and the CARIBBEAN | 1,750 | |

Entitlement to immigrant status in the DV category lasts only through the end of the fiscal (visa) year for which th is selected in the lottery. The year of entitlement for all applicants registered for the DV-2007 program ends as o September 30, 2007. DV visas may not be issued to DV-2007 applicants after that date. Similarly, spouses and accompanying or following to join DV-2007 principals are only entitled to derivative DV status until September 30 visa availability through the very end of FY-2007 cannot be taken for granted. Numbers could be exhausted prio September 30.

**C. ADVANCE NOTIFICATION OF THE DIVERSITY (DV) IMMIGRANT CATEGORY RANK CUT-OFFS WHICH APPLY IN JULY**

For July, immigrant numbers in the DV category are available to qualified DV-2007 applicants chargeable to all regions/eligible countries as follows. When an allocation cut-off number is shown, visas are available only for ap DV regional lottery rank numbers BELOW the specified allocation cut-off number:

| Region | All DV Chargeability Areas Except Those Listed Separately | |
|---|---|---|
| AFRICA | 35,500 | Except: Egypt: 22,600 Ethiopia 22,900 Nigeria 16,150 |
| ASIA | 7,750 | |
| EUROPE | 23,000 | Except: Ukraine 13,000 |
| NORTH AMERICA (BAHAMAS) | 12 | |
| OCEANIA | 1,800 | |
| SOUTH AMERICA, and the CARIBBEAN | 2,500 | |

The current level of demand in many of the Employment-based categories has been much lower than anticipate result, the June cut-off dates have been advanced significantly in an effort to maximize number use under the ar numerical limits. At this time it appears likely that there will be additional advances during the coming months.

All readers should be aware that such cut-off date movements should allow for action to be finalized on a signific of Citizenship and Immigration Services adjustment of status cases. Once that level of demand begins to exceed of available numbers it will be necessary to make "adjustments" to the cut-off dates. At this time is in not possible estimate when this is likely to occur, but it is expected.

## F. OBTAINING THE MONTHLY VISA BULLETIN

The Department of State's Bureau of Consular Affairs offers the monthly "Visa Bulletin" on the INTERNET'S WC WEB. The INTERNET Web address to access the Bulletin is:

**http://travel.state.gov**

From the home page, select the VISA section which contains the Visa Bulletin.

To be placed on the Department of State's E-mail subscription list for the "Visa Bulletin", please send an E-mail following E-mail address:

**listserv@calist.state.gov**

and in the message body type:
**Subscribe Visa-Bulletin *First name/Last name***
***(example: Subscribe Visa-Bulletin Sally Doe)***

To be removed from the Department of State's E-mail subscription list for the "Visa Bulletin", send an e-mail mes following E-mail address :

**listserv@calist.state.gov**

and in the message body type: **Signoff Visa-Bulletin**

The Department of State also has available a recorded message with visa cut-off dates which can be heard at: ( 202) 663-1541. The recording is normally updated by the middle of each month with information on cut-off dates following month.

Readers may submit questions regarding Visa Bulletin related items by E-mail at the following address:

**VISABULLETIN@STATE.GOV**

(This address cannot be used to subscribe to the Visa Bulletin.)

Department of State Publication 9514
CA/VO:May 11, 2007

U.S. Department of Homeland Security
.O. 82521
Lincoln, NE 68501-2521



**U.S. Citizenship
and Immigration
Services**

June 6, 2007

Refer to File Number:
N/A

ZAHEER ZAIDI
ELIA LAW FIRM
4423 FORTRAN CT SUITE 200A
SAN JOSE CA 95134

Dear Applicant:

Your application/petition, supporting documentation and check/money order in the amount of $575.00 is being returned for the following reasons.

The Service cannot accept your I-485 Application to Register Permanent Residence or Adjust Status as submitted. You have an I-360 Petition for Amerasian, Widow(er) or Special Immigrant pending with the U S Citizenship and Immigration Service (CIS). You may resubmit the I-485 application only when/if you receive a notice from CIS that you I-360 petition for special immigrant has been approved.

Additional questions may be answered by contacting your local U.S. Citizenship and Immigration Services (CIS) office. Information and filing instructions are available from the National Customer Service Center (NCSC) at 1-800-375-5283 (Toll Free) or on the USCIS Internet Website at www.uscis.gov.

For security purposes all checks and money orders are endorsed "For Deposit Only" upon receipt by CIS. You may present this letter to the financial institution issuing the remittance instrument when requesting a refund.

Sincerely,

F. Gerard Heinauer
Director

NSC/mzb

## START HERE - Please type or print in black ink.

### Part 1. Information about you.

| Family Name | Given Name | Middle Name |
|---|---|---|
| MIR | Nabi | Raza |

Address - C/O

Street Number and Name  94 Southgate Ct.     Apt. #

City
San Jose

State
California

Zip Code
95138

Date of Birth *(mm/dd/yyyy)*
07/10/1970

Country of Birth:  India
Country of Citizenship/Nationality:  India

U.S. Social Security #
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

A # *(if any)*
None

Date of Last Arrival *(mm/dd/yyyy)*
02/20/2004

I-94 #
07185970011

Current USCIS Status
R-1

Expires on
*(mm/dd/yyyy)*  01/01/2007

### Part 2. Application Type. *(check one)*

**I am applying for an adjustment to permanent resident status because:**

a. [X] an immigrant petition giving me an immediately available immigrant visa number has been approved. (Attach a copy of the approval notice, or a relative, special immigrant juvenile or special immigrant military visa petition filed with this application that will give you an immediately available visa number, if approved.)

b. [ ] my spouse or parent applied for adjustment of status or was granted lawful permanent residence in an immigrant visa category that allows derivative status for spouses and children.

c. [ ] I entered as a K-1 fiancé(e) of a United States citizen whom I married within 90 days of entry, or I am the K-2 child of such a fiancé(e). (Attach a copy of the fiancé(e) petition approval notice and the marriage certificate.)

d. [ ] I was granted asylum or derivative asylum status as the spouse or child of a person granted asylum and am eligible for adjustment.

e. [ ] I am a native or citizen of Cuba admitted or paroled into the United States after January 1, 1959, and thereafter have been physically present in the United States for at least one year.

f. [ ] I am the husband, wife or minor unmarried child of a Cuban described above in (e) and am residing with that person, and was admitted or paroled into the United States after January 1, 1959, and thereafter have been physically present in the United States for at least one year.

g. [ ] I have continuously resided in the United States since before January 1, 1972.

h. [ ] Other basis of eligibility. Explain. (If additional space is needed, use a separate piece of paper.)

**I am already a permanent resident and am applying to have the date I was granted permanent residence adjusted to the date I originally arrived in the United States as a nonimmigrant or parolee, or as of May 2, 1964, whichever date is later, and:** *(Check one)*

i. [ ] I am a native or citizen of Cuba and meet the description in (e), above.

j. [ ] I am the husband, wife or minor unmarried child of a Cuban, and meet the description in (f), above.

---

**FOR USCIS USE ONLY**

| Returned | Receipt |
|---|---|
| . | |
| . | |

Resubmitted
.
.

Reloc Sent
.
.

Reloc Rec'd

[ ] Applicant Interviewed

**Section of Law**
[ ] Sec. 209(b), INA
[ ] Sec. 13, Act of 9/11/57
[ ] Sec. 245, INA
[ ] Sec. 249, INA
[ ] Sec. 2 Act of 11/2/66
[ ] Sec. 2 Act of 11/2/66
[ ] Other_____

**Country Chargeable**

**Eligibility Under Sec. 245**
[ ] Approved Visa Petition
[ ] Dependent of Principal Alien
[ ] Special Immigrant
[ ] Other_____

**Preference**

**Action Block**

**To Be Completed by**
*Attorney or Representative, if any*
[X] Fill in box if G-28 is attached to represent the applicant
VOLAG#

ATTY State License #
184749

Form I-485 (Rev. 10/26/05)Y

## Part 3. Processing Information

A. City/Town/Village of Birth
Alipur

Current Occupation
Resident Aalim [Religious Minister]

Your Mother's First Name
Sayed U Nissa

Your Father's First name
Nader

Give your name exactly how it appears on your Arrival /Departure Record (Form I-94)

Mir, Nabi Raza

Place of Last Entry Into the United States *(City/State)*
San Francisco          CA

In what status did you last enter? *(Visitor, Student, exchange alien, crewman, temporary worker, without inspection, etc.)*

Were you inspected by a U.S. Immigration Officer?     ☒ Yes    ☐ No

Religious Worker (R-1)

Nonimmigrant Visa Number
44936872

Consulate Where Visa Was Issued
Tokyo, Japan

Date Visa was Issued
*(mm/dd/yyyy)*    01/03/2002

Gender: ☒ Male ☐ Female

Marital Status:    ☒ Married ☐ Single ☐ Divorced ☐ Widowed

Have you ever before applied for permanent resident status in the U.S.?     ☒ No    ☐ Yes  If you checked "Yes," give date and place of filing and final disposition.

B. List your present husband/wife, all your sons and daughters (if you have none, write "none". If additional space is needed, use separate paper).

| Family Name | Given Name | Middle | Date of Birth |
|---|---|---|---|
| Zahera | Syeda | Gulshan | *(mm/dd/yyyy)* 12/18/1970 |
| Country of Birth India | Relationship Wife | A # None | Applying with you? ☒ Yes ☐ No |
| Family Name Mir | Given Name Ahmed | Middle Raza | Date of Birth *(mm/dd/yyyy)* 04/29/1993 |
| Country of Birth India | Relationship Son | A # None | Applying with you? ☒ Yes ☐ No |
| Family Name Mir | Given Name Ali | Middle Raza | Date of Birth *(mm/dd/yyyy)* 10/14/1994 |
| Country of Birth India | Relationship Son | A # None | Applying with you? ☒ Yes ☐ No |
| Family Name Mir | Given Name Abid | Middle Raza | Date of Birth *(mm/dd/yyyy)* 08/23/2003 |
| Country of Birth USA | Relationship Son | A # None | Applying with you? ☐ Yes ☒ No |
| Family Name Mir | Given Name Abbas | Middle Raza | Date of Birth *(mm/dd/yyyy)* 09/12/2005 |
| Country of Birth USA | Relationship Son | A # None | Applying with you? ☐ Yes ☒ No |

C. List your present and past membership in or affiliation with every political organization, association, fund, foundation, party, club, society or similar group in the United States or in other places since your 16th birthday. Include any foreign military service in this part. If none, write "none." Include the name(s) of organization(s), location(s), dates of membership from and to, and the nature of the organization(s). If additional space is needed, use a separate piece of paper.

None

Form I-485 (Rev. 10/26/05)Y Page 2

## Part 3. Processing Information. (Continued)

Please answer the following questions. (If your answer is "Yes" on any one of these questions, explain on a separate piece of paper. Answering "Yes" does not necessarily mean that you are not entitled to adjust status or register for permanent residence.)

1. Have you ever, in or outside the United States:
   a. knowingly committed any crime of moral turpitude or a drug-related offense for which you have not been arrested? ☐ Yes ☒ No
   b. been arrested, cited, charged, indicted, fined or imprisoned for breaking or violating any law or ordinance, excluding traffic violations? ☐ Yes ☒ No
   c. been the beneficiary of a pardon, amnesty, rehabilitation decree, other act of clemency or similar action? ☐ Yes ☒ No
   d. exercised diplomatic immunity to avoid prosecution for a criminal offense in the United States? ☐ Yes ☒ No

2. Have you received public assistance in the United States from any source, including the United States government or any state, county, city or municipality (other than emergency medical treatment), or are you likely to receive public assistance in the future? ☐ Yes ☒ No

3. Have you ever:
   a. within the past ten years been a prostitute or procured anyone for prostitution, or intend to engage in such activities in the future? ☐ Yes ☒ No
   b. engaged in any unlawful commercialized vice, including, but not limited to, illegal gambling? ☐ Yes ☒ No
   c. knowingly encouraged, induced, assisted, abetted or aided any alien to try to enter the United States illegally? ☐ Yes ☒ No
   d. illicitly trafficked in any controlled substance, or knowingly assisted, abetted or colluded in the illicit trafficking of any controlled substance? ☐ Yes ☒ No

4. Have you ever engaged in, conspired to engage in, or do you intend to engage in, or have you ever solicited membership or funds for, or have you through any means ever assisted or provided any type of material support to any person or organization that has ever engaged or conspired to engage in sabotage, kidnapping, political assassination, hijacking or any other form of terrorist activity? ☐ Yes ☒ No

5. Do you intend to engage in the United States in:
   a. espionage? ☐ Yes ☒ No
   b. any activity a purpose of which is opposition to, or the control or overthrow of, the government of the United States, by force, violence or other unlawful means? ☐ Yes ☒ No
   c. any activity to violate or evade any law prohibiting the export from the United States of goods, technology or sensitive information? ☐ Yes ☒ No

6. Have you ever been a member of, or in any way affiliated with, the Communist Party or any other totalitarian party? ☐ Yes ☒ No

7. Did you, during the period from March 23, 1933 to May 8, 1945, in association with either the Nazi Government of Germany or any organization or government associated or allied with the Nazi Government of Germany, ever order, incite, assist or otherwise participate in the persecution of any person because of race, religion, national origin or political opinion? ☐ Yes ☒ No

8. Have you ever engaged in genocide, or otherwise ordered, incited, assisted or otherwise participated in the killing of any person because of race, religion, nationality, ethnic origin, or political opinion? ☐ Yes ☒ No

9. Have you ever been deported from the United States, or removed from the United States at government expense, excluded within the past year, or are you now in exclusion, deportation, removal or rescission proceedings? ☐ Yes ☒ No

10. Are you under a final order of civil penalty for violating section 274C of the Immigration and Nationality Act for use of fraudulent documents or have you, by fraud or willful misrepresentation of a material fact, ever sought to procure, or procured, a visa, other documentation, entry into the United States or any immigration benefit? ☐ Yes ☒ No

11. Have you ever left the United States to avoid being drafted into the U.S. Armed Forces? ☐ Yes ☒ No

12. Have you ever been a J nonimmigrant exchange visitor who was subject to the two-year foreign residence requirement and have not yet complied with that requirement or obtained a waiver? ☐ Yes ☒ No

13. Are you now withholding custody of a U.S. citizen child outside the United States from a person granted custody of the child? ☐ Yes ☒ No

14. Do you plan to practice polygamy in the United States? ☐ Yes ☒ No

**Part 4.** **Signature.** *(Read the informa.. .. on penalties in the instructions before completing s section. You must file this application while in the United States.)*

**YOUR REGISTRATION WITH THE U.S. CITIZENSHIP AND IMMIGRATION SERVICES.** "I understand and acknowledge that, under section 262 of the Immigration and Nationality Act (Act), as an alien who has been or will be in the United States for more than 30 days, I am required to register with the U.S. Citizenship and Immigration Services. I understand and acknowledge that, under section 265 of the Act, I am required to provide USCIS with my current address and written notice of any change of address within ten days of the change. I understand and acknowledge that USCIS will use the most recent address that I provide to USCIS, on any form containing these acknowledgements, for all purposes, including the service of a Notice to Appear should it be necessary for USCIS to initiate removal proceedings against me. I understand and acknowledge that if I change my address without providing written notice to USCIS, I will be held responsible for any communications sent to me at the most recent address that I provided to USCIS. I further understand and acknowledge that, if removal proceedings are initiated against me and I fail to attend any hearing, including an initial hearing based on service of the Notice to Appear at the most recent address that I provided to USCIS or as otherwise provided by law, I may be ordered removed in my absence, arrested by USCIS and removed from the United States."

**SELECTIVE SERVICE REGISTRATION.** The following applies to you if you are a male at least 18 years old, but not yet 26 years old, who is required to register with the Selective Service System: "I understand that my filing this adjustment of status application with the U.S. Citizenship and Immigration Services authorizes USCIS to provide certain registration information to the Selective Service System in accordance with the Military Selective Service Act. Upon USCIS acceptance of my application, I authorize USCIS to transmit to the Selective Service System my name, current address, Social Security Number, date of birth and the date I filed the application for the purpose of recording my Selective Service registration as of the filing date. If, however, USCIS does not accept my application, I further understand that, if so required, I am responsible for registering with the Selective Service by other means, provided I have not yet reached age 26."

**APPLICANT'S CERTIFICATION.** I certify, under penalty of perjury under the laws of the United States of America, that this application and the evidence submitted with it is all true and correct. I authorize the release of any information from my records that the U.S. Citizenship and Immigration Services (USCIS) needs to determine eligibility for the benefit I am seeking.

| *Signature* | *Print Your Name* | *Date* | *Daytime Phone Number* |
|---|---|---|---|
| | Nabi Raza MIR | 04/25/07 | 408 205-3055 |

**NOTE:** *If you do not completely fill out this form or fail to submit required documents listed in the instructions, you may not be found eligible for the requested document and this application may be denied.*

## Part 5. Signature of person preparing form if other than above. (Sign Below)

**I declare that I prepared this application at the request of the above person and it is based on all information of which I have knowledge.**

| *Signature* | *Print Your Name* | *Date* | *Day time Phone Number* |
|---|---|---|---|
| | Zaheer Zaidi | 04/25/07 | (408) 942-0320 |

*Firm Name and Address*  Elia Law Firm

4423 Fortran Ct., Suite 200A, San Jose, CA 95134

*E-mail Address (if any)*

**Do not write in this block.**

| Remarks | Action Block | Fee Stamp |
|---|---|---|
| A# | | |
| Applicant is filing under §274a.12 _____ | | |

☐ Application Approved. Employment Authorized / Extended (*Circle One*)  until _____ (Date).
_____ (Date).

Subject to the following conditions: _____
☐ Application Denied.
  ☐ Failed to establish eligibility under 8 CFR 274a.12 (a) or (c).
  ☐ Failed to establish economic necessity as required in 8 CFR 274a.12(c)(14), (18) and 8 CFR 214.2(f)

I am applying for:
☒ Permission to accept employment.
☐ Replacement (*of lost employment authorization document*)
☐ Renewal of my permission to accept employment (*attach previous employment authorization document*).

JUN 01 2007  11:45 AM 2 240

| 1. Name (Family Name in CAPS) (First) (Middle) | 11. Have you ever before applied for employment authorization from USCIS? |
|---|---|
| MIR, Nabi Raza | ☐ Yes (If yes, complete below)  ☒ No |
| 2. Other Names Used (Include Maiden Name) | Which USCIS Office?        Date(s) |
| Mir Nabi Raza Abedi | N/A |
| 3. Address in the United States (Number and Street) (Apt. Number) | Results (Granted or Denied - attach all documentation) |
| 94 Southgate Ct. | N/A |

| (Town or City) | (State/Country) | (ZIP Code) | 12. Date of Last Entry into the U.S. (mm/dd/yyyy) |
|---|---|---|---|
| San Jose, | California | 95138 | 02/20/2004 |

| 4. Country of Citizenship/Nationality | 13. Place of Last Entry into the U.S. |
|---|---|
| India | San Francisco, California |

| 5. Place of Birth (Town or City) | (State/Province) | (Country) | 14. Manner of Last Entry (Visitor, Student, etc.) |
|---|---|---|---|
| Alipur, | Karnataka, | India | Religious Minister (R-1) |

| 6. Date of Birth (mm/dd/yyyy) | 7. Gender | 15. Current Immigration Status (Visitor, Student, etc.) |
|---|---|---|
| 10/07/1970 | ☒ Male ☐ Female | Religious Minister (R-1)/ Adjustment Applicant |

| 8. Marital Status | ☒ Married ☐ Single | 16. Go to **Part 2** of the Instructions, Eligibility Categories. In the space below, place the letter and number of the category you selected from the instructions (For example, (a)(8), (c)(17)(iii), etc.). |
|---|---|---|
| | ☐ Widowed ☐ Divorced | |
| 9. Social Security Number (Include all numbers you have ever used) (if any) | | Eligibility under 8 CFR 274a.12 |
| 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 | | |
| 10. Alien Registration Number (A-Number) or I-94 Number (if any) | | ( C  )  ( 9  )  (    ) |
| 07185970011 | | |

## Certification.

**Your Certification:** I certify, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Furthermore, I authorize the release of any information that the U.S. Citizenship and Immigration Services needs to determine eligibility for the benefit I am seeking. I have read the Instructions in **Part 2** and have identified the appropriate eligibility category in **Block 16.**

| Signature | Telephone Number | Date |
|---|---|---|
| *Mir Nabi* | (408) 205-3055 | 04/25/2007 |

**Signature of Person Preparing Form, If Other Than Above:** I declare that this document was prepared by me at the request of the applicant and is based on all information of which I have any knowledge.

| Print Name | Address | Signature | Date |
|---|---|---|---|
| Attorney Zaheer Zaidi | 4423 Fortran Ct. Suite 200A San Jose, CA 95134 | | 04/25/2007 |

| Remarks | Initial Receipt | Resubmitted | Relocated | | Completed | | | |
|---|---|---|---|---|---|---|---|---|
| | | | Rec'd | Sent | Approved | Denied | Returned | |
| | | | | | | | | |

\.S. Department of Homeland Security
٪.O. 82521
Lincoln, NE 68501-2521



**U.S. Citizenship
and Immigration
Services**

June 6, 2007

Refer to File Number:
N/A

ZAHEER ZAIDI
ELIA LAW FIRM
4423 FORTRAN CT SUITE 200A
SAN JOSE CA 95134

Dear Applicant:

Your application/petition, supporting documentation and check/money order in the amount of $575.00 is being returned for the following reasons.

The Service cannot accept your I-485 Application to Register Permanent Residence or Adjust Status as submitted. You have an I-360 Petition for Amerasian, Widow(er) or Special Immigrant pending with the U S Citizenship and Immigration Service (CIS). You may resubmit the I-485 application only when/if you receive a notice from CIS that you I-360 petition for special immigrant has been approved.

Additional questions may be answered by contacting your local U.S. Citizenship and Immigration Services (CIS) office. Information and filing instructions are available from the National Customer Service Center (NCSC) at 1-800-375-5283 (Toll Free) or on the USCIS Internet Website at www.uscis.gov.

For security purposes all checks and money orders are endorsed "For Deposit Only" upon receipt by CIS. You may present this letter to the financial institution issuing the remittance instrument when requesting a refund.

Sincerely,

F. Gerard Heinauer
Director

NSC/mzb

Nebraska Service Center

www.uscis.gov

Department of Homeland Security
U.S. Citizenship and Immigration Services

# I-485, Application to Register
# Permanent Residence or Adjust Status

## START HERE - Please type or print in black ink.

## Part 1.  Information about you.

| Family Name | Given Name | Middle Name |
|---|---|---|
| ZAHERA | Syeda | Gulshan |

Address - C/O

| Street Number and Name | Apt. # |
|---|---|
| 94 Southgate Ct. | |

City
San Jose

| State | Zip Code |
|---|---|
| California | 95138 |

Date of Birth (mm/dd/yyyy)  12/18/1970   | Country of Birth:  India

Country of Citizenship/Nationality:  India

| U.S. Social Security # | A # (if any) |
|---|---|
| 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 | None |

Date of Last Arrival (mm/dd/yyyy)  02/27/2003   | I-94 #  32683362310

| Current USCIS Status | Expires on |
|---|---|
| R-2 | (mm/dd/yyyy) 01/01/2007 |

## Part 2.  Application Type. *(check one)*

**I am applying for an adjustment to permanent resident status because:**

- a. [X] an immigrant petition giving me an immediately available immigrant visa number has been approved. (Attach a copy of the approval notice, or a relative, special immigrant juvenile or special immigrant military visa petition filed with this application that will give you an immediately available visa number, if approved.)

- b. [ ] my spouse or parent applied for adjustment of status or was granted lawful permanent residence in an immigrant visa category that allows derivative status for spouses and children.

- c. [ ] I entered as a K-1 fiancé(e) of a United States citizen whom I married within 90 days of entry, or I am the K-2 child of such a fiancé(e). (Attach a copy of the fiancé(e) petition approval notice and the marriage certificate).

- d. [ ] I was granted asylum or derivative asylum status as the spouse or child of a person granted asylum and am eligible for adjustment.

- e. [ ] I am a native or citizen of Cuba admitted or paroled into the United States after January 1, 1959, and thereafter have been physically present in the United States for at least one year.

- f. [ ] I am the husband, wife or minor unmarried child of a Cuban described above in (e) and am residing with that person, and was admitted or paroled into the United States after January 1, 1959, and thereafter have been physically present in the United States for at least one year.

- g. [ ] I have continuously resided in the United States since before January 1, 1972.

- h. [ ] Other basis of eligibility. Explain. (If additional space is needed, use a separate piece of paper.)

**I am already a permanent resident and am applying to have the date I was granted permanent residence adjusted to the date I originally arrived in the United States as a nonimmigrant or parolee, or as of May 2, 1964, whichever date is later, and:** *(Check one)*

- i. [ ] I am a native or citizen of Cuba and meet the description in (e), above.

- j. [ ] I am the husband, wife or minor unmarried child of a Cuban, and meet the description in (f), above.

### FOR USCIS USE ONLY

| Returned | Receipt |
|---|---|
| | |

Resubmitted
____
____

Reloc Sent
____
____

Reloc Rec'd
____
____

[ ] Applicant Interviewed

**Section of Law**
- [ ] Sec. 209(b), INA
- [ ] Sec. 13, Act of 9/11/57
- [ ] Sec. 245, INA
- [ ] Sec. 249, INA
- [ ] Sec. 2 Act of 11/2/66
- [ ] Sec. 2 Act of 11/2/66
- [ ] Other _____

**Country Chargeable**

**Eligibility Under Sec. 245**
- [ ] Approved Visa Petition
- [ ] Dependent of Principal Alien
- [ ] Special Immigrant
- [ ] Other _____

**Preference**

**Action Block**

**To Be Completed by**
*Attorney or Representative*, if any
[X] Fill in box if G-28 is attached to represent the applicant
VOLAG#

ATTY State License #
184749

Form I-485 (Rev. 10/26/05)Y

# Part 3. Processing Information

| | |
|---|---|
| A. City/Town/Village of Birth<br>Alipur | Current Occupation<br>Housewife |
| Your Mother's First Name<br>Syeda | Your Father's First name<br>Syed |

Give your name exactly how it appears on your Arrival /Departure Record (Form I-94)

Zahera, SyedaGulshan

| | |
|---|---|
| Place of Last Entry Into the United States (City/State)<br>Houston     TX | In what status did you last enter? (Visitor, Student, exchange alien, crewman, temporary worker, without inspection, etc.) |
| Were you inspected by a U.S. Immigration Officer?   [X] Yes   [ ] No | R2 |
| Nonimmigrant Visa Number<br>49913512 | Consulate Where Visa Was Issued<br>Chennai, India |
| Date Visa was Issued<br>(mm/dd/yyyy)   01/23/2003    Gender: [ ] Male [X] Female | Marital Status:   [X] Married [ ] Single [ ] Divorced [ ] Widowed |

Have you ever before applied for permanent resident status in the U.S.?   [X] No   [ ] Yes   If you checked "Yes," give date and place of filing and final disposition.

B. List your present husband/wife, all your sons and daughters (if you have none, write "none". If additional space is needed, use separate paper).

| Family Name<br>Mir | Given Name<br>Nabi | Middle<br>Raza | Date of Birth<br>(mm/dd/yyyy) 10/07/1970 |
|---|---|---|---|
| Country of Birth<br>India | Relationship<br>Husband | A<br># None | Applying with you?<br>[X] Yes [ ] No |
| Family Name<br>Mir | Given Name<br>Ahmed | Middle<br>Raza | Date of Birth<br>(mm/dd/yyyy) 04/29/1993 |
| Country of Birth<br>India | Relationship<br>Son | A<br># None | Applying with you?<br>[X] Yes [ ] No |
| Family Name<br>Mir | Given Name<br>Ali | Middle<br>Raza | Date of Birth<br>(mm/dd/yyyy) 10/14/1994 |
| Country of Birth<br>India | Relationship<br>Son | A<br># None | Applying with you?<br>[X] Yes [ ] No |
| Family Name<br>Mir | Given Name<br>Abid | Middle<br>Raza | Date of Birth<br>(mm/dd/yyyy) 08/23/2003 |
| Country of Birth<br>USA | Relationship<br>Son | A<br># None | Applying with you?<br>[ ] Yes [X] No |
| Family Name<br>Mir | Given Name<br>Abbas | Middle<br>Raza | Date of Birth<br>(mm/dd/yyyy) 09/12/2005 |
| Country of Birth<br>USA | Relationship<br>Son | A<br># None | Applying with you?<br>[ ] Yes [X] No |

C. List your present and past membership in or affiliation with every political organization, association, fund, foundation, party, club, society or similar group in the United States or in other places since your 16th birthday. Include any foreign military service in this part. If none, write "none." Include the name(s) of organization(s), location(s), dates of membership from and to, and the nature of the organization(s). If additional space is needed, use a separate piece of paper.

None

# Part 3. Processing Information. (Continued)

Please answer the following questions. (If your answer is **"Yes"** on any one of these questions, explain on a separate piece of paper. Answering **"Yes"** does not necessarily mean that you are not entitled to adjust status or register for permanent residence.)

1. Have you ever, in or outside the United States:
   a. knowingly committed any crime of moral turpitude or a drug-related offense for which you have not been arrested? ☐ Yes ☒ No
   b. been arrested, cited, charged, indicted, fined or imprisoned for breaking or violating any law or ordinance, excluding traffic violations? ☐ Yes ☒ No
   c. been the beneficiary of a pardon, amnesty, rehabilitation decree, other act of clemency or similar action? ☐ Yes ☒ No
   d. exercised diplomatic immunity to avoid prosecution for a criminal offense in the United States? ☐ Yes ☒ No

2. Have you received public assistance in the United States from any source, including the United States government or any state, county, city or municipality (other than emergency medical treatment), or are you likely to receive public assistance in the future? ☐ Yes ☒ No

3. Have you ever:
   a. within the past ten years been a prostitute or procured anyone for prostitution, or intend to engage in such activities in the future? ☐ Yes ☒ No
   b. engaged in any unlawful commercialized vice, including, but not limited to, illegal gambling? ☐ Yes ☒ No
   c. knowingly encouraged, induced, assisted, abetted or aided any alien to try to enter the United States illegally? ☐ Yes ☒ No
   d. illicitly trafficked in any controlled substance, or knowingly assisted, abetted or colluded in the illicit trafficking of any controlled substance? ☐ Yes ☒ No

4. Have you ever engaged in, conspired to engage in, or do you intend to engage in, or have you ever solicited membership or funds for, or have you through any means ever assisted or provided any type of material support to any person or organization that has ever engaged or conspired to engage in sabotage, kidnapping, political assassination, hijacking or any other form of terrorist activity? ☐ Yes ☒ No

5. Do you intend to engage in the United States in:
   a. espionage? ☐ Yes ☒ No
   b. any activity a purpose of which is opposition to, or the control or overthrow of, the government of the United States, by force, violence or other unlawful means? ☐ Yes ☒ No
   c. any activity to violate or evade any law prohibiting the export from the United States of goods, technology or sensitive information? ☐ Yes ☒ No

6. Have you ever been a member of, or in any way affiliated with, the Communist Party or any other totalitarian party? ☐ Yes ☒ No

7. Did you, during the period from March 23, 1933 to May 8, 1945, in association with either the Nazi Government of Germany or any organization or government associated or allied with the Nazi Government of Germany, ever order, incite, assist or otherwise participate in the persecution of any person because of race, religion, national origin or political opinion? ☐ Yes ☒ No

8. Have you ever engaged in genocide, or otherwise ordered, incited, assisted or otherwise participated in the killing of any person because of race, religion, nationality, ethnic origin, or political opinion? ☐ Yes ☒ No

9. Have you ever been deported from the United States, or removed from the United States at government expense, excluded within the past year, or are you now in exclusion, deportation, removal or rescission proceedings? ☐ Yes ☒ No

10. Are you under a final order of civil penalty for violating section 274C of the Immigration and Nationality Act for use of fraudulent documents or have you, by fraud or willful misrepresentation of a material fact, ever sought to procure, or procured, a visa, other documentation, entry into the United States or any immigration benefit? ☐ Yes ☒ No

11. Have you ever left the United States to avoid being drafted into the U.S. Armed Forces? ☐ Yes ☒ No

12. Have you ever been a J nonimmigrant exchange visitor who was subject to the two-year foreign residence requirement and have not yet complied with that requirement or obtained a waiver? ☐ Yes ☒ No

13. Are you now withholding custody of a U.S. citizen child outside the United States from a person granted custody of the child? ☐ Yes ☒ No

14. Do you plan to practice polygamy in the United States? ☐ Yes ☒ No

**Part 4.   Signature.**   *(Read the informa..... on penalties in the instructions before completing . section. You must file this application while in the United States.)*

**YOUR REGISTRATION WITH THE U.S. CITIZENSHIP AND IMMIGRATION SERVICES.** "I understand and acknowledge that, under section 262 of the Immigration and Nationality Act (Act), as an alien who has been or will be in the United States for more than 30 days, I am required to register with the U.S. Citizenship and Immigration Services. I understand and acknowledge that, under section 265 of the Act, I am required to provide USCIS with my current address and written notice of any change of address within ten days of the change. I understand and acknowledge that USCIS will use the most recent address that I provide to USCIS, on any form containing these acknowledgements, for all purposes, including the service of a Notice to Appear should it be necessary for USCIS to initiate removal proceedings against me. I understand and acknowledge that if I change my address without providing written notice to USCIS, I will be held responsible for any communications sent to me at the most recent address that I provided to USCIS. I further understand and acknowledge that, if removal proceedings are initiated against me and I fail to attend any hearing, including an initial hearing based on service of the Notice to Appear at the most recent address that I provided to USCIS or as otherwise provided by law, I may be ordered removed in my absence, arrested by USCIS and removed from the United States."

**SELECTIVE SERVICE REGISTRATION.** The following applies to you if you are a male at least 18 years old, but not yet 26 years old, who is required to register with the Selective Service System: "I understand that my filing this adjustment of status application with the U.S. Citizenship and Immigration Services authorizes USCIS to provide certain registration information to the Selective Service System in accordance with the Military Selective Service Act. Upon USCIS acceptance of my application, I authorize USCIS to transmit to the Selective Service System my name, current address, Social Security Number, date of birth and the date I filed the application for the purpose of recording my Selective Service registration as of the filing date. If, however, USCIS does not accept my application, I further understand that, if so required, I am responsible for registering with the Selective Service by other means, provided I have not yet reached age 26."

**APPLICANT'S CERTIFICATION.** I certify, under penalty of perjury under the laws of the United States of America, that this application and the evidence submitted with it is all true and correct. I authorize the release of any information from my records that the U.S. Citizenship and Immigration Services (USCIS) needs to determine eligibility for the benefit I am seeking.

| Signature | Print Your Name | Date | Daytime Phone Number |
|---|---|---|---|
| *[signature]* | Syeda  Gulshan ZAHERA | 04/25/07 | 408 281-9325 |

**NOTE:** *If you do not completely fill out this form or fail to submit required documents listed in the instructions, you may not be found eligible for the requested document and this application may be denied.*

**Part 5.   Signature  of person  preparing form if other  than above.  (Sign Below)**

I declare that I prepared this application at the request of the above person and it is based on all information of which I have knowledge.

| Signature | Print Your Name | Date | Day time Phone Number |
|---|---|---|---|
| *[signature]* | Zaheer Zaidi | 04/25/07 | (408) 942-0320 |

| Firm Name and Address | Elia Law Firm | E-mail Address (if any) |
|---|---|---|
| | 4423 Fortran Ct., Suite 200A San Jose CA 95134 | |

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**Do not write in this block.**

| Remarks | Action Block | Fee Stamp |
|---|---|---|
| A# | | |
| Applicant is filing under §274a.12 _____ | | |

☐ Application Approved. Employment Authorized / Extended *(Circle One)* until _____ (Date).
_____ (Date).

Subject to the following conditions: _____

☐ Application Denied.
  ☐ Failed to establish eligibility under 8 CFR 274a.12 (a) or (c).
  ☐ Failed to establish economic necessity as required in 8 CFR 274a.12(c)(14), (18) and 8 CFR 214.2(f)

I am applying for: ☒ Permission to accept employment.    JUN 01 2007 11:45 AM 2240
☐ Replacement *(of lost employment authorization document)*
☐ Renewal of my permission to accept employment *(attach previous employment authorization document)*.

| 1. Name (Family Name in CAPS)  (First)  (Middle) | 11. Have you ever before applied for employment authorization from USCIS? |
|---|---|
| ZAHERA,  Syeda  Gulshan | ☐ Yes (If yes, complete below)   ☒ No |

**2. Other Names Used (Include Maiden Name)**
Zehra

Which USCIS Office?  Date(s)
N/A

**3. Address in the United States (Number and Street)  (Apt. Number)**
94 Southgate Ct.

Results (Granted or Denied - attach all documentation)
N/A

| (Town or City) | (State/Country) | (ZIP Code) |
|---|---|---|
| San Jose, | California | 95138 |

**12. Date of Last Entry into the U.S.  (mm/dd/yyyy)**
02/27/2003

**4. Country of Citizenship/Nationality**
India

**13. Place of Last Entry into the U.S.**
Houston, Texas

| 5. Place of Birth (Town or City)  (State/Province)  (Country) |
|---|
| Alipur,  India |

**14. Manner of Last Entry (Visitor, Student, etc.)**
R2 (Dependent of R1)

**6. Date of Birth  (mm/dd/yyyy)  7. Gender**
12/18/1970   ☐ Male  ☒ Female

**15. Current Immigration Status (Visitor, Student, etc.)**
R2 (Dependent of R1)

**8. Marital Status**  ☒ Married  ☐ Single
☐ Widowed  ☐ Divorced

**16.** Go to **Part 2** of the Instructions, Eligibility Categories. In the space below, place the letter and number of the category you selected from the instructions (For example, (a)(8), (c)(17)(iii), etc.).

**9. Social Security Number (Include all numbers you have ever used) (if any)**
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

Eligibility under 8 CFR 274a.12

**10. Alien Registration Number (A-Number) or I-94 Number (if any)**
32683362310

( C )  ( 9 )  (    )

## Certification.

**Your Certification:** I certify, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Furthermore, I authorize the release of any information that the U.S. Citizenship and Immigration Services needs to determine eligibility for the benefit I am seeking. I have read the Instructions in **Part 2** and have identified the appropriate eligibility category in **Block 16.**

| Signature | Telephone Number | Date |
|---|---|---|
| *[signature]* | (408) 281-9325 | 04/25/2007 |

**Signature of Person Preparing Form, If Other Than Above:** I declare that this document was prepared by me at the request of the applicant and is based on all information of which I have any knowledge.

| Print Name | Address | Signature | Date |
|---|---|---|---|
| Zaheer Zaidi | 4423 Fortran Ct.  Suite 200A  San Jose, CA 95134 | *[signature]* | 04/25/2007 |

| Remarks | Initial Receipt | Resubmitted | Relocated | | Completed | | | |
|---|---|---|---|---|---|---|---|---|
| | | | Rec'd | Sent | Approved | Denied | Returned | |
| | | | | | | | | |

S. Department of Homeland Security
r.O. 82521
Lincoln, NE 68501-2521



**U.S. Citizenship
and Immigration
Services**

June 6, 2007

Refer to File Number:
N/A

ZAHEER ZAIDI
ELIA LAW FIRM
4423 FORTRAN CT SUITE 200A
SAN JOSE CA 95134

Dear Applicant:

Your application/petition, supporting documentation and check/money order in the amount of $575.00 is being returned for the following reasons.

The Service cannot accept your I-485 Application to Register Permanent Residence or Adjust Status as submitted. You have an I-360 Petition for Amerasian, Widow(er) or Special Immigrant pending with the U S Citizenship and Immigration Service (CIS). You may resubmit the I-485 application only when/if you receive a notice from CIS that you I-360 petition for special immigrant has been approved.

Additional questions may be answered by contacting your local U.S. Citizenship and Immigration Services (CIS) office. Information and filing instructions are available from the National Customer Service Center (NCSC) at 1-800-375-5283 (Toll Free) or on the USCIS Internet Website at www.uscis.gov.

For security purposes all checks and money orders are endorsed "For Deposit Only" upon receipt by CIS. You may present this letter to the financial institution issuing the remittance instrument when requesting a refund.

Sincerely,

F. Gerard Heinauer
Director

NSC/mzb

Department of Homeland Security
U.S. Citizenship and Immigration Services

**I-485, Application to Register Permanent Residence or Adjust Status**

## START HERE - Please type or print in black ink.

### Part 1. Information about you.

| | | |
|---|---|---|
| Family Name **MIR** | Given Name **Ahmed** | Middle Name **Raza** |

Address - C/O

| | |
|---|---|
| Street Number and Name **94 Southgate Ct.** | Apt. # |

City **San Jose**

| | |
|---|---|
| State **California** | Zip Code **95138** |

| | |
|---|---|
| Date of Birth *(mm/dd/yyyy)* **04/29/1993** | Country of Birth: **India** |
| | Country of Citizenship/Nationality: **India** |

| | |
|---|---|
| U.S. Social Security # **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** | A # *(if any)* **None** |

| | |
|---|---|
| Date of Last Arrival *(mm/dd/yyyy)* **02/20/2004** | I-94 # **07185971011** |

| | |
|---|---|
| Current USCIS Status **R2** | Expires on *(mm/dd/yyyy)* **01/01/2007** |

### Part 2. Application Type. *(check one)*

**I am applying for an adjustment to permanent resident status because:**

a. [X] an immigrant petition giving me an immediately available immigrant visa number has been approved. (Attach a copy of the approval notice, or a relative, special immigrant juvenile or special immigrant military visa petition filed with this application that will give you an immediately available visa number, if approved.)

b. [ ] my spouse or parent applied for adjustment of status or was granted lawful permanent residence in an immigrant visa category that allows derivative status for spouses and children.

c. [ ] I entered as a K-1 fiancé(e) of a United States citizen whom I married within 90 days of entry, or I am the K-2 child of such a fiancé(e). (Attach a copy of the fiancé(e) petition approval notice and the marriage certificate.)

d. [ ] I was granted asylum or derivative asylum status as the spouse or child of a person granted asylum and am eligible for adjustment.

e. [ ] I am a native or citizen of Cuba admitted or paroled into the United States after January 1, 1959, and thereafter have been physically present in the United States for at least one year.

f. [ ] I am the husband, wife or minor unmarried child of a Cuban described above in (e) and am residing with that person, and was admitted or paroled into the United States after January 1, 1959, and thereafter have been physically present in the United States for at least one year.

g. [ ] I have continuously resided in the United States since before January 1, 1972.

h. [ ] Other basis of eligibility. Explain. (If additional space is needed, use a separate piece of paper.)

**I am already a permanent resident and am applying to have the date I was granted permanent residence adjusted to the date I originally arrived in the United States as a nonimmigrant or parolee, or as of May 2, 1964, whichever date is later, and:** *(Check one)*

i. [ ] I am a native or citizen of Cuba and meet the description in (e), above.

j. [ ] I am the husband, wife or minor unmarried child of a Cuban, and meet the description in (f), above.

**FOR USCIS USE ONLY**

| Returned | Receipt |
|---|---|
| | |

Resubmitted

Reloc Sent

Reloc Rec'd

[ ] Applicant Interviewed

**Section of Law**
[ ] Sec. 209(b), INA
[ ] Sec. 13, Act of 9/11/57
[ ] Sec. 245, INA
[ ] Sec. 249, INA
[ ] Sec. 2 Act of 11/2/66
[ ] Sec. 2 Act of 11/2/66
[ ] Other

**Country Chargeable**

**Eligibility Under Sec. 245**
[ ] Approved Visa Petition
[ ] Dependent of Principal Alien
[ ] Special Immigrant
[ ] Other

**Preference**

**Action Block**

**To Be Completed by**
*Attorney or Representative, if any*
[X] Fill in box if G-28 is attached to represent the applicant
VOLAG#

ATTY State License #
**184749**

Form I-485 (Rev. 10/26/05)Y

# Part 3. Processing Information

**A.** City/Town/Village of Birth
Alipur

Current Occupation
Student

Your Mother's First Name
Syeda

Your Father's First name
Nabi

Give your name exactly how it appears on your Arrival /Departure Record (Form I-94)

Mir, AhmedRaza

Place of Last Entry Into the United States *(City/State)*
San Francisco          CA

In what status did you last enter? *(Visitor, Student, exchange alien, crewman, temporary worker, without inspection, etc.)*

Were you inspected by a U.S. Immigration Officer?    [X] Yes    [ ] No

R2

Nonimmigrant Visa Number
49913513

Consulate Where Visa Was Issued
Chennai, Madras, India

Date Visa was Issued
*(mm/dd/yyyy)*   01/23/2003

Gender: [X] Male  [ ] Female

Marital Status:   [ ] Married  [X] Single  [ ] Divorced  [ ] Widowed

Have you ever before applied for permanent resident status in the U.S.?   [X] No   [ ] Yes  If you checked "Yes," give date and place of filing and final disposition.

**B.** List your present husband/wife, all your sons and daughters (if you have none, write "none". If additional space is needed, use separate paper).

| Family Name | Given Name | Middle | Date of Birth *(mm/dd/yyyy)* |
|---|---|---|---|
| None | | | |
| Country of Birth | Relationship | A # | Applying with you? [ ] Yes [ ] No |
| Family Name | Given Name | Middle | Date of Birth *(mm/dd/yyyy)* |
| Country of Birth | Relationship | A # | Applying with you? [ ] Yes [ ] No |
| Family Name | Given Name | Middle | Date of Birth *(mm/dd/yyyy)* |
| Country of Birth | Relationship | A # | Applying with you? [ ] Yes [ ] No |
| Family Name | Given Name | Middle | Date of Birth *(mm/dd/yyyy)* |
| Country of Birth | Relationship | A # | Applying with you? [ ] Yes [ ] No |
| Family Name | Given Name | Middle | Date of Birth *(mm/dd/yyyy)* |
| Country of Birth | Relationship | A # | Applying with you? [ ] Yes [ ] No |

**C.** List your present and past membership in or affiliation with every political organization, association, fund, foundation, party, club, society or similar group in the United States or in other places since your 16th birthday. Include any foreign military service in this part. If none, write "none." Include the name(s) of organization(s), location(s), dates of membership from and to, and the nature of the organization(s). If additional space is needed, use a separate piece of paper.

None

# Part 3. Processing Information. (Continued)

Please answer the following questions. (If your answer is **"Yes"** on any one of these questions, explain on a separate piece of paper. Answering **"Yes"** does not necessarily mean that you are not entitled to adjust status or register for permanent residence.)

1. Have you ever, in or outside the United States:
   a. knowingly committed any crime of moral turpitude or a drug-related offense for which you have not been arrested? ☐ Yes ☒ No
   b. been arrested, cited, charged, indicted, fined or imprisoned for breaking or violating any law or ordinance, excluding traffic violations? ☐ Yes ☒ No
   c. been the beneficiary of a pardon, amnesty, rehabilitation decree, other act of clemency or similar action? ☐ Yes ☒ No
   d. exercised diplomatic immunity to avoid prosecution for a criminal offense in the United States? ☐ Yes ☒ No

2. Have you received public assistance in the United States from any source, including the United States government or any state, county, city or municipality (other than emergency medical treatment), or are you likely to receive public assistance in the future? ☐ Yes ☒ No

3. Have you ever:
   a. within the past ten years been a prostitute or procured anyone for prostitution, or intend to engage in such activities in the future? ☐ Yes ☒ No
   b. engaged in any unlawful commercialized vice, including, but not limited to, illegal gambling? ☐ Yes ☒ No
   c. knowingly encouraged, induced, assisted, abetted or aided any alien to try to enter the United States illegally? ☐ Yes ☒ No
   d. illicitly trafficked in any controlled substance, or knowingly assisted, abetted or colluded in the illicit trafficking of any controlled substance? ☐ Yes ☒ No

4. Have you ever engaged in, conspired to engage in, or do you intend to engage in, or have you ever solicited membership or funds for, or have you through any means ever assisted or provided any type of material support to any person or organization that has ever engaged or conspired to engage in sabotage, kidnapping, political assassination, hijacking or any other form of terrorist activity? ☐ Yes ☒ No

5. Do you intend to engage in the United States in:
   a. espionage? ☐ Yes ☒ No
   b. any activity a purpose of which is opposition to, or the control or overthrow of, the government of the United States, by force, violence or other unlawful means? ☐ Yes ☒ No
   c. any activity to violate or evade any law prohibiting the export from the United States of goods, technology or sensitive information? ☐ Yes ☒ No

6. Have you ever been a member of, or in any way affiliated with, the Communist Party or any other totalitarian party? ☐ Yes ☒ No

7. Did you, during the period from March 23, 1933 to May 8, 1945, in association with either the Nazi Government of Germany or any organization or government associated or allied with the Nazi Government of Germany, ever order, incite, assist or otherwise participate in the persecution of any person because of race, religion, national origin or political opinion? ☐ Yes ☒ No

8. Have you ever engaged in genocide, or otherwise ordered, incited, assisted or otherwise participated in the killing of any person because of race, religion, nationality, ethnic origin, or political opinion? ☐ Yes ☒ No

9. Have you ever been deported from the United States, or removed from the United States at government expense, excluded within the past year, or are you now in exclusion, deportation, removal or rescission proceedings? ☐ Yes ☒ No

10. Are you under a final order of civil penalty for violating section 274C of the Immigration and Nationality Act for use of fraudulent documents or have you, by fraud or willful misrepresentation of a material fact, ever sought to procure, or procured, a visa, other documentation, entry into the United States or any immigration benefit? ☐ Yes ☒ No

11. Have you ever left the United States to avoid being drafted into the U.S. Armed Forces? ☐ Yes ☒ No

12. Have you ever been a J nonimmigrant exchange visitor who was subject to the two-year foreign residence requirement and have not yet complied with that requirement or obtained a waiver? ☐ Yes ☒ No

13. Are you now withholding custody of a U.S. citizen child outside the United States from a person granted custody of the child? ☐ Yes ☒ No

14. Do you plan to practice polygamy in the United States? ☐ Yes ☒ No

**Part 4.** **Signature.** *(Read the information on penalties in the instructions before completing ...is section. You must file this application while in the United States.)*

**YOUR REGISTRATION WITH THE U.S. CITIZENSHIP AND IMMIGRATION SERVICES.** "I understand and acknowledge that, under section 262 of the Immigration and Nationality Act (Act), as an alien who has been or will be in the United States for more than 30 days, I am required to register with the U.S. Citizenship and Immigration Services. I understand and acknowledge that, under section 265 of the Act, I am required to provide USCIS with my current address and written notice of any change of address within ten days of the change. I understand and acknowledge that USCIS will use the most recent address that I provide to USCIS, on any form containing these acknowledgements, for all purposes, including the service of a Notice to Appear should it be necessary for USCIS to initiate removal proceedings against me. I understand and acknowledge that if I change my address without providing written notice to USCIS, I will be held responsible for any communications sent to me at the most recent address that I provided to USCIS. I further understand and acknowledge that, if removal proceedings are initiated against me and I fail to attend any hearing, including an initial hearing based on service of the Notice to Appear at the most recent address that I provided to USCIS or as otherwise provided by law, I may be ordered removed in my absence, arrested by USCIS and removed from the United States."

**SELECTIVE SERVICE REGISTRATION.** The following applies to you if you are a male at least 18 years old, but not yet 26 years old, who is required to register with the Selective Service System: "I understand that my filing this adjustment of status application with the U.S. Citizenship and Immigration Services authorizes USCIS to provide certain registration information to the Selective Service System in accordance with the Military Selective Service Act. Upon USCIS acceptance of my application, I authorize USCIS to transmit to the Selective Service System my name, current address, Social Security Number, date of birth and the date I filed the application for the purpose of recording my Selective Service registration as of the filing date. If, however, USCIS does not accept my application, I further understand that, if so required, I am responsible for registering with the Selective Service by other means, provided I have not yet reached age 26."

**APPLICANT'S CERTIFICATION.** I certify, under penalty of perjury under the laws of the United States of America, that this application and the evidence submitted with it is all true and correct. I authorize the release of any information from my records that the U.S. Citizenship and Immigration Services (USCIS) needs to determine eligibility for the benefit I am seeking.

| *Signature* | *Print Your Name* | *Date* | *Daytime Phone Number* |
|---|---|---|---|
| | Ahmed Raza Mir | 04 25 07 | (408) 205-3055 |

**NOTE:** *If you do not completely fill out this form or fail to submit required documents listed in the instructions, you may not be found eligible for the requested document and this application may be denied.*

**Part 5.** **Signature of person preparing form if other than above. (Sign Below)**

I declare that I prepared this application at the request of the above person and it is based on all information of which I have knowledge.

| *Signature* | *Print Your Name* | *Date* | *Day time Phone Number* |
|---|---|---|---|
| | Zaheer Zaidi | 04 25 07 | (408) 942-0320 |

| *Firm Name and Address* | Elia Law Firm | | *E-mail Address (if any)* |

4423 Fortran Ct.. Suite 200A San Jose CA 95134

Department of Homeland Security
U.S. Citizenship and Immigration Services

# I-765, Application for Employment Authorization

**Do not write in this block.**

| Remarks | Action Block | Fee Stamp |
|---|---|---|
| A# | | |

Applicant is filing under §274a.12 _____

☐ Application Approved. Employment Authorized / Extended *(Circle One)*    until _____ (Date).
_____ (Date).

Subject to the following conditions: _____

☐ Application Denied.
   ☐ Failed to establish eligibility under 8 CFR 274a.12 (a) or (c).
   ☐ Failed to establish economic necessity as required in 8 CFR 274a.12(c)(14), (18) and 8 CFR 214.2(f)

I am applying for:
☒ Permission to accept employment.
☐ Replacement *(of lost employment authorization document).*
☐ Renewal of my permission to accept employment *(attach previous employment authorization document).*

JUN 01 2007 11 45 AM 2 2 4 0

| 1. Name (Family Name in CAPS) (First) (Middle) | 11. Have you ever before applied for employment authorization from USCIS? |
|---|---|
| MIR, Ahmed Raza | ☐ Yes (If yes, complete below). ☒ No |

**2. Other Names Used (Include Maiden Name)**
None

Which USCIS Office?    Date(s)
N/A

**3. Address in the United States (Number and Street)** (Apt. Number)
94 Southgate Ct.

Results (Granted or Denied - attach all documentation)
N/A

(Town or City)    (State/Country)    (ZIP Code)
San Jose, California 95138

**12. Date of Last Entry into the U.S.** (mm/dd/yyyy)
02/20/2004

**4. Country of Citizenship/Nationality**
India

**13. Place of Last Entry into the U.S.**
San Francisco, California

**5. Place of Birth (Town or City)** (State/Province) (Country)
Alipur, Karnataka, India

**14. Manner of Last Entry (Visitor, Student, etc.)**
R2

**6. Date of Birth** (mm/dd/yyyy)    **7. Gender**
04/29/1993    ☒ Male ☐ Female

**15. Current Immigration Status (Visitor, Student, etc.)**
R2 (Dependent of R1)/Adjustment Applicant

**8. Marital Status** ☐ Married ☒ Single ☐ Widowed ☐ Divorced

**16.** Go to **Part 2** of the Instructions, Eligibility Categories. In the space below, place the letter and number of the category you selected from the instructions (For example, (a)(8), (c)(17)(iii), etc.).

**9. Social Security Number (Include all numbers you have ever used) (if any)**
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

Eligibility under 8 CFR 274a.12

**10. Alien Registration Number (A-Number) or I-94 Number (if any)**
07185971011

( C ) ( 9 ) ( )

## Certification.

**Your Certification:** I certify, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Furthermore, I authorize the release of any information that the U.S. Citizenship and Immigration Services needs to determine eligibility for the benefit I am seeking. I have read the Instructions in **Part 2** and have identified the appropriate eligibility category in **Block 16.**

| Signature | Telephone Number | Date |
|---|---|---|
| | (408) 205-3055 | 04/25/2007 |

**Signature of Person Preparing Form, If Other Than Above:** I declare that this document was prepared by me at the request of the applicant and is based on all information of which I have any knowledge.

| Print Name | Address | Signature | Date |
|---|---|---|---|
| Zaheer Zaidi | 4423 Fortran Ct. Suite 200A San Jose, CA 95134 | | 04/25/2007 |

| Remarks | Initial Receipt | Resubmitted | Relocated | | Completed | | | |
|---|---|---|---|---|---|---|---|---|
| | | | Rec'd | Sent | Approved | Denied | Returned | |
| | | | | | | | | |

Form I-765 (Rev. 02/08/07)N

U.S. Department of Homeland Security
P.O. 82521
Lincoln, NE 68501-2521



**U.S. Citizenship
and Immigration
Services**

June 6, 2007

Refer to File Number:
N/A

ZAHEER ZAIDI
ELIA LAW FIRM
4423 FORTRAN CT SUITE 200A
SAN JOSE CA 95134

Dear Applicant:

Your application/petition, supporting documentation and check/money order in the amount of $475.00 is being returned for the following reasons.

Filing fees are accepted only in the exact amount of the required fee for the corresponding petition or application. You may contact your local CIS office if you have any questions.

The Service cannot accept your I-485 Application to Register Permanent Residence or Adjust Status as submitted. You have an I-360 Petition for Amerasian, Widow(er) or Special Immigrant pending with the U S Citizenship and Immigration Service (CIS). You may resubmit the I-485 application only when/if you receive a notice from CIS that you I-360 petition for special immigrant has been approved.

Additional questions may be answered by contacting your local U.S. Citizenship and Immigration Services (CIS) office. Information and filing instructions are available from the National Customer Service Center (NCSC) at 1-800-375-5283 (Toll Free) or on the USCIS Internet Website at www.uscis.gov.

For security purposes all checks and money orders are endorsed "For Deposit Only" upon receipt by CIS. You may present this letter to the financial institution issuing the remittance instrument when requesting a refund.

Sincerely,

F. Gerard Heinauer
Director

NSC/mzb

Nebraska Service Center

www.uscis.gov

## START HERE - Please type or print in black ink.

## Part 1.   Information about you.

| Family Name | Given Name | Middle Name |
|---|---|---|
| MIR | Ali | Raza |

Address - C/O

| Street Number and Name | 94 Southgate Ct. | Apt. # |
|---|---|---|

City
San Jose

| State | Zip Code |
|---|---|
| California | 95138 |

| Date of Birth *(mm/dd/yyyy)* | Country of Birth:   Iran |
|---|---|
| 10/14/1994 | Country of Citizenship/Nationality:  India |

| U.S. Social Security # | A # *(if any)* |
|---|---|
| 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 | None |

| Date of Last Arrival *(mm/dd/yyyy)* | I-94 # |
|---|---|
| 02/20/2004 | 07185972911 |

| Current USCIS Status | Expires on *(mm/dd/yyyy)* 01/01/2007 |
|---|---|
| R2 | |

## Part 2.   Application Type.   *(check one)*

**I am applying for an adjustment to permanent resident status because:**

a. [X] an immigrant petition giving me an immediately available immigrant visa number has been approved. (Attach a copy of the approval notice, or a relative, special immigrant juvenile or special immigrant military visa petition filed with this application that will give you an immediately available visa number, if approved.)

b. [ ] my spouse or parent applied for adjustment of status or was granted lawful permanent residence in an immigrant visa category that allows derivative status for spouses and children.

c. [ ] I entered as a K-1 fiancé(e) of a United States citizen whom I married within 90 days of entry, or I am the K-2 child of such a fiancé(e). (Attach a copy of the fiancé(e) petition approval notice and the marriage certificate).

d. [ ] I was granted asylum or derivative asylum status as the spouse or child of a person granted asylum and am eligible for adjustment.

e. [ ] I am a native or citizen of Cuba admitted or paroled into the United States after January 1, 1959, and thereafter have been physically present in the United States for at least one year.

f. [ ] I am the husband, wife or minor unmarried child of a Cuban described above in (e) and am residing with that person, and was admitted or paroled into the United States after January 1, 1959, and thereafter have been physically present in the United States for at least one year.

g. [ ] I have continuously resided in the United States since before January 1, 1972.

h. [ ] Other basis of eligibility. Explain. (If additional space is needed, use a separate piece of paper.)

_____

_____

**I am already a permanent resident and am applying to have the date I was granted permanent residence adjusted to the date I originally arrived in the United States as a nonimmigrant or parolee, or as of May 2, 1964, whichever date is later, and:** *(Check one)*

i. [ ] I am a native or citizen of Cuba and meet the description in (e), above.

j. [ ] I am the husband, wife or minor unmarried child of a Cuban, and meet the description in (f), above.

### FOR USCIS USE ONLY

| Returned | Receipt |
|---|---|
| _____ | |
| _____ | |

| Resubmitted | |
|---|---|
| _____ | |
| _____ | |

| Reloc Sent | |
|---|---|
| _____ | |
| _____ | |

| Reloc Rec'd | |
|---|---|
| _____ | |
| _____ | |

[ ] Applicant Interviewed

**Section of Law**
[ ] Sec. 209(b), INA
[ ] Sec. 13, Act of 9/11/57
[ ] Sec. 245, INA
[ ] Sec. 249, INA
[ ] Sec. 2 Act of 11/2/66
[ ] Sec. 2 Act of 11/2/66
[ ] Other_____

**Country Chargeable**

**Eligibility Under Sec. 245**
[ ] Approved Visa Petition
[ ] Dependent of Principal Alien
[ ] Special Immigrant
[ ] Other _____

**Preference**

**Action Block**

| To Be Completed by *Attorney or Representative,* if any |
|---|
| [X] Fill in box if G-28 is attached to represent the applicant |
| VOLAG# |

| ATTY State License # |
|---|
| 184749 |

Form I-485 (Rev. 10/26/05)Y

# Part 3. Processing Information

A. City/Town/Village of Birth
Qum

Current Occupation
Student

Your Mother's First Name
Syeda

Your Father's First name
Syed

Give your name exactly how it appears on your Arrival /Departure Record (Form I-94)

Mir, AliRaza

Place of Last Entry Into the United States *(City/State)*
San Francisco          CA

In what status did you last enter? *(Visitor, Student, exchange alien, crewman, temporary worker, without inspection, etc.)*
R2

Were you inspected by a U.S. Immigration Officer?   [X] Yes   [ ] No

Nonimmigrant Visa Number
49913514

Consulate Where Visa Was Issued
Chennai, India

Date Visa was Issued *(mm/dd/yyyy)*    01/23/2003

Gender: [X] Male [ ] Female

Marital Status:   [ ] Married  [X] Single  [ ] Divorced  [ ] Widowed

Have you ever before applied for permanent resident status in the U.S.?   [X] No   [ ] Yes  If you checked "Yes," give date and place of filing and final disposition.

B. List your present husband/wife, all your sons and daughters (if you have none, write "none". If additional space is needed, use separate paper).

| Family Name | Given Name | Middle | Date of Birth *(mm/dd/yyyy)* |
|---|---|---|---|
| None | | | |
| Country of Birth | Relationship | A # | Applying with you? [ ] Yes [ ] No |
| Family Name | Given Name | Middle | Date of Birth *(mm/dd/yyyy)* |
| Country of Birth | Relationship | A # | Applying with you? [ ] Yes [ ] No |
| Family Name | Given Name | Middle | Date of Birth *(mm/dd/yyyy)* |
| Country of Birth | Relationship | A # | Applying with you? [ ] Yes [ ] No |
| Family Name | Given Name | Middle | Date of Birth *(mm/dd/yyyy)* |
| Country of Birth | Relationship | A # | Applying with you? [ ] Yes [ ] No |
| Family Name | Given Name | Middle | Date of Birth *(mm/dd/yyyy)* |
| Country of Birth | Relationship | A # | Applying with you? [ ] Yes [ ] No |

C. List your present and past membership in or affiliation with every political organization, association, fund, foundation, party, club, society or similar group in the United States or in other places since your 16th birthday. Include any foreign military service in this part. If none, write "none." Include the name(s) of organization(s), location(s), dates of membership from and to, and the nature of the organization(s). If additional space is needed, use a separate piece of paper.

None

## Part 3. Processing Information. (Continued)

Please answer the following questions. (If your answer is "Yes" on any one of these questions, explain on a separate piece of paper. Answering "Yes" does not necessarily mean that you are not entitled to adjust status or register for permanent residence.)

1. Have you ever, in or outside the United States:
   a. knowingly committed any crime of moral turpitude or a drug-related offense for which you have not been arrested? ☐ Yes ☒ No
   b. been arrested, cited, charged, indicted, fined or imprisoned for breaking or violating any law or ordinance, excluding traffic violations? ☐ Yes ☒ No
   c. been the beneficiary of a pardon, amnesty, rehabilitation decree, other act of clemency or similar action? ☐ Yes ☒ No
   d. exercised diplomatic immunity to avoid prosecution for a criminal offense in the United States? ☐ Yes ☒ No

2. Have you received public assistance in the United States from any source, including the United States government or any state, county, city or municipality (other than emergency medical treatment), or are you likely to receive public assistance in the future? ☐ Yes ☒ No

3. Have you ever:
   a. within the past ten years been a prostitute or procured anyone for prostitution, or intend to engage in such activities in the future? ☐ Yes ☒ No
   b. engaged in any unlawful commercialized vice, including, but not limited to, illegal gambling? ☐ Yes ☒ No
   c. knowingly encouraged, induced, assisted, abetted or aided any alien to try to enter the United States illegally? ☐ Yes ☒ No
   d. illicitly trafficked in any controlled substance, or knowingly assisted, abetted or colluded in the illicit trafficking of any controlled substance? ☐ Yes ☒ No

4. Have you ever engaged in, conspired to engage in, or do you intend to engage in, or have you ever solicited membership or funds for, or have you through any means ever assisted or provided any type of material support to any person or organization that has ever engaged or conspired to engage in sabotage, kidnapping, political assassination, hijacking or any other form of terrorist activity? ☐ Yes ☒ No

5. Do you intend to engage in the United States in:
   a. espionage? ☐ Yes ☒ No
   b. any activity a purpose of which is opposition to, or the control or overthrow of, the government of the United States, by force, violence or other unlawful means? ☐ Yes ☒ No
   c. any activity to violate or evade any law prohibiting the export from the United States of goods, technology or sensitive information? ☐ Yes ☒ No

6. Have you ever been a member of, or in any way affiliated with, the Communist Party or any other totalitarian party? ☐ Yes ☒ No

7. Did you, during the period from March 23, 1933 to May 8, 1945, in association with either the Nazi Government of Germany or any organization or government associated or allied with the Nazi Government of Germany, ever order, incite, assist or otherwise participate in the persecution of any person because of race, religion, national origin or political opinion? ☐ Yes ☒ No

8. Have you ever engaged in genocide, or otherwise ordered, incited, assisted or otherwise participated in the killing of any person because of race, religion, nationality, ethnic origin, or political opinion? ☐ Yes ☒ No

9. Have you ever been deported from the United States, or removed from the United States at government expense, excluded within the past year, or are you now in exclusion, deportation, removal or rescission proceedings? ☐ Yes ☒ No

10. Are you under a final order of civil penalty for violating section 274C of the Immigration and Nationality Act for use of fraudulent documents or have you, by fraud or willful misrepresentation of a material fact, ever sought to procure, or procured, a visa, other documentation, entry into the United States or any immigration benefit? ☐ Yes ☒ No

11. Have you ever left the United States to avoid being drafted into the U.S. Armed Forces? ☐ Yes ☒ No

12. Have you ever been a J nonimmigrant exchange visitor who was subject to the two-year foreign residence requirement and have not yet complied with that requirement or obtained a waiver? ☐ Yes ☒ No

13. Are you now withholding custody of a U.S. citizen child outside the United States from a person granted custody of the child? ☐ Yes ☒ No

14. Do you plan to practice polygamy in the United States? ☐ Yes ☒ No

**Part 4.** **Signature.** *(Read the information on penalties in the instructions before completing this section. You must file this application while in the United States.)*

**YOUR REGISTRATION WITH THE U.S. CITIZENSHIP AND IMMIGRATION SERVICES.** "I understand and acknowledge that, under section 262 of the Immigration and Nationality Act (Act), as an alien who has been or will be in the United States for more than 30 days, I am required to register with the U.S. Citizenship and Immigration Services. I understand and acknowledge that, under section 265 of the Act, I am required to provide USCIS with my current address and written notice of any change of address within ten days of the change. I understand and acknowledge that USCIS will use the most recent address that I provide to USCIS, on any form containing these acknowledgements, for all purposes, including the service of a Notice to Appear should it be necessary for USCIS to initiate removal proceedings against me. I understand and acknowledge that if I change my address without providing written notice to USCIS, I will be held responsible for any communications sent to me at the most recent address that I provided to USCIS. I further understand and acknowledge that, if removal proceedings are initiated against me and I fail to attend any hearing, including an initial hearing based on service of the Notice to Appear at the most recent address that I provided to USCIS or as otherwise provided by law, I may be ordered removed in my absence, arrested by USCIS and removed from the United States."

**SELECTIVE SERVICE REGISTRATION.** The following applies to you if you are a male at least 18 years old, but not yet 26 years old, who is required to register with the Selective Service System: "I understand that my filing this adjustment of status application with the U.S. Citizenship and Immigration Services authorizes USCIS to provide certain registration information to the Selective Service System in accordance with the Military Selective Service Act. Upon USCIS acceptance of my application, I authorize USCIS to transmit to the Selective Service System my name, current address, Social Security Number, date of birth and the date I filed the application for the purpose of recording my Selective Service registration as of the filing date. If, however, USCIS does not accept my application, I further understand that, if so required, I am responsible for registering with the Selective Service by other means, provided I have not yet reached age 26."

**APPLICANT'S CERTIFICATION.** I certify, under penalty of perjury under the laws of the United States of America, that this application and the evidence submitted with it is all true and correct. I authorize the release of any information from my records that the U.S. Citizenship and Immigration Services (USCIS) needs to determine eligibility for the benefit I am seeking.

| *Signature* | *Print Your Name* | *Date* | *Daytime Phone Number* |
|---|---|---|---|
| | Ali Raza Mir | 04/25/2007 | (408) 205-3055 |

**NOTE:** *If you do not completely fill out this form or fail to submit required documents listed in the instructions, you may not be found eligible for the requested document and this application may be denied.*

**Part 5.** **Signature of person preparing form if other than above. (Sign Below)**

I declare that I prepared this application at the request of the above person and it is based on all information of which I have knowledge.

| *Signature* | *Print Your Name* | *Date* | *Day time Phone Number* |
|---|---|---|---|
| | Zaheer Zaidi | 04/25/2007 | (408) 942-0320 |

| *Firm Name and Address* | Elia Law Firm | | *E-mail Address (if any)* |
|---|---|---|---|

4423 Fortran Ct.. Suite 200A San Jose CA 95134

...ent of Homeland Security
...tizenship and Immigration Services

**Do not write in this block.**

| Remarks | Action Block | Fee Stamp |
|---|---|---|
| A# | | |

Applicant is filing under §274a.12 _____

☐ Application Approved. Employment Authorized / Extended *(Circle One)*    until _____ (Date).
_____ (Date).

Subject to the following conditions: _____
☐ Application Denied.
   ☐ Failed to establish eligibility under 8 CFR 274a.12 (a) or (c).
   ☐ Failed to establish economic necessity as required in 8 CFR 274a.12(c)(14), (18) and 8 CFR 214.2(f)

I am applying for:   ☒ Permission to accept employment.
    ☐ Replacement *(of lost employment authorization document)*
    ☐ Renewal of my permission to accept employment *(attach previous employment authorization document).*

JUN 01 2007 - 11 15 AM 2 2 4 0

| | |
|---|---|
| 1. Name (Family Name in CAPS) (First) (Middle)<br>MIR,    Ali    Raza | 11. Have you ever before applied for employment authorization from USCIS?<br>☐ Yes (If yes, complete below)    ☒ No |
| 2. Other Names Used (Include Maiden Name)<br>None | Which USCIS Office?      Date(s)<br>N/A |
| 3. Address in the United States (Number and Street) (Apt. Number)<br>94 Southgate Ct. | Results (Granted or Denied - attach all documentation)<br>N/A |
| (Town or City) (State/Country) (ZIP Code)<br>San Jose,    California    95138 | 12. Date of Last Entry into the U.S. (mm/dd/yyyy)<br>02/20/2004 |
| 4. Country of Citizenship/Nationality<br>India | 13. Place of Last Entry into the U.S.<br>San Francisco, California |
| 5. Place of Birth (Town or City) (State/Province) (Country)<br>Qum    Iran | 14. Manner of Last Entry (Visitor, Student, etc.)<br>R2 |
| 6. Date of Birth (mm/dd/yyyy)   7. Gender<br>10/14/1994    ☒ Male ☐ Female | 15. Current Immigration Status (Visitor, Student, etc.)<br>R2 (Dependent of R1)/Adjustment Applicant |
| 8. Marital Status ☐ Married ☒ Single<br>☐ Widowed ☐ Divorced | 16. Go to **Part 2** of the Instructions, Eligibility Categories. In the space below, place the letter and number of the category you selected from the instructions (For example, (a)(8), (c)(17)(iii), etc.). |
| 9. Social Security Number (Include all numbers you have ever used) (if any)<br>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 | Eligibility under 8 CFR 274a.12 |
| 10. Alien Registration Number (A-Number) or I-94 Number (if any)<br>07185972911 | ( C ) ( 9 ) ( ) |

**Certification.**

**Your Certification:** I certify, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Furthermore, I authorize the release of any information that the U.S. Citizenship and Immigration Services needs to determine eligibility for the benefit I am seeking. I have read the Instructions in **Part 2** and have identified the appropriate eligibility category in **Block 16.**

| Signature | Telephone Number | Date |
|---|---|---|
| *[signature]* | (408) 205-3055 | 04/25/2007 |

**Signature of Person Preparing Form, If Other Than Above:** I declare that this document was prepared by me at the request of the applicant and is based on all information of which I have any knowledge.

| Print Name | Address | Signature | Date |
|---|---|---|---|
| Zaheer Zaidi | 4423 Fortran Ct., Suite 200A<br>San Jose, CA 95134 | *[signature]* | 04/25/2007 |

| Remarks | Initial Receipt | Resubmitted | Relocated | | Completed | | |
|---|---|---|---|---|---|---|---|
| | | | Rec'd | Sent | Approved | Denied | Returned |
| | | | | | | | |



**_DHL_ EXPRESS** | **GDS** | Parcels: **1/1**

FM: DHS CIS NEB SVC CTR 17472   ACCT:787996183   ORIGIN: **LNK**
RECORDS
850 S STREET                                    Sender's ref:
LINCOLN, NE                                          *
68508, United States Of America
Phone: 402--000-0000

TO: ZAHEES ZAICLI                    POSTCODE:
EILIA LAW FIRM
4423 FARTUAN CT                      **95134**
SUITE 200A

95134, SAN JOSE, CA            TEL:
United States Of America

Day **18MO**

Description:                 Weight: 2.1 lb
                             Date: 2007-06-12
              DHL standard terms and conditions apply.



**BQBH 1N**

**FTH**

(2L)US95134                    UnitID:17472



WAYBILL: 78149090994 (Non-Negotiable)     LB0019
Additional Information 1:                 (2/06) FDS



**U.S. Department of Justice**
Immigration and Naturalization Service

HQADN70/21.1.24-P
AD 00-07

Office of the Executive Associate Commissioner    *425 I Street NW*
*Washington, DC 20536*

MAR 3 2000

MEMORANDUM FOR REGIONAL DIRECTORS

DEPUTY EXECUTIVE ASSOCIATE COMMISSIONER,
IMMIGRATION SERVICES DIVISION

ACTING DIRECTOR, OFFICE OF INTERNATIONAL AFFAIRS

FROM:    Michael A. Pearson
Executive Associate Commissioner
Office of Field Operations

SUBJECT:    Period of stay authorized by the Attorney General after 120-day tolling period for
purposes of section 212(a)(9)(B) of the Immigration and Nationality Act (the Act).
(AD 00-07)

This memorandum addresses issues relating to the 3- and 10-year bars to admission under
section 212(a)(9)(B)(i)(I) and (II) of the Act and the decision to designate as a period of stay
authorized by the Attorney General the entire period during which a timely filed, non-frivolous
application for extension of stay (E/S) or change of status (C/S) is pending with the Service,
provided the alien has not engaged in any unauthorized employment. This period of stay
authorized by the Attorney General covers the 120-day tolling period described in section
212(a)(9)(B)(iv) of the Act, and continues until the date the Service issues a decision.

By way of background, section 212(a)(9)(B)(ii) of the Act states that an alien who is
present in the United States without admission or parole, or who remains in the United States
beyond the period of stay authorized by the Attorney General, accrues unlawful presence towards
the 3- and 10-year bars under section 212(a)(9)(B)(i)(I) and (II) of the Act. Section
212(a)(9)(B)(iv) of the Act is a tolling provision that covers certain nonimmigrants. If an alien
has timely filed a nonfrivolous application for E/S or C/S, the first 120 days of unlawful presence
are not counted towards the 3-year bar under section 212(a)(9)(B)(i) of the Act. Section
212(a)(9)(B)(iv) of the Act further states that the alien must have been lawfully admitted or
paroled into the United States, and must not have been employed without authorization before
the E/S or C/S application was filed or while it was pending.

212(a)(9)(B), page 2

Although legislative history is silent regarding the intent of the 120-day tolling period, an inference may be drawn that Congress expected the Service to adjudicate the petitions within such a timeframe. However, due to unprecedented workload, in many instances the Service has been unable to adjudicate a timely filed application for E/S or C/S within the 120-day period envisioned by Congress.

Under current Service policy, if a decision is not rendered within the tolling period, aliens admitted to the United States until a specific date begin accruing unlawful presence on the 121st day after the expiration of their Form I-94. Because of the current backlogs, which in some cases extend beyond six months, aliens who remain in the United States while the C/S or E/S is pending may incur a 3-year or even a 10-year bar to admission if the application is ultimately denied.

Therefore, in order to alleviate problems aliens may encounter concerning unlawful presence through no fault of their own, the Service has determined that nonimmigrants who were admitted until a specific date and who apply for C/S or E/S and whose applications have been pending beyond the 120-day tolling period should be considered to be in a period of stay authorized by the Attorney General, if certain requirements are met. Because these requirements are the same as those for tolling under section 212(a)(9)(B)(iv) of the Act, the Service has further determined that the period of stay authorized by the Attorney General covers the E/S or C/S application for the entire period that it is pending.

As a practical matter, we note that this policy applies only to those nonimmigrants who were admitted until a specific date and whose I-94 has expired while the E/S or C/S application is pending. This is because nonimmigrants admitted for duration of status (D/S) do not begin accruing unlawful presence until a status violation is found. Refer to the Service's memorandum dated September 19, 1997, 96 Act #058, for a discussion of the Service's policy on unlawful presence as it relates to nonimmigrants admitted D/S.

This memorandum is being issued simultaneously with a separate memorandum, HQADN 70/12-P, amending the Service's 1/14/99 guidance on section 222(g), which is found in Chapter 15 of the Inspector's Field Manual (IFM). These policies and procedures are effective immediately and will be included in the AFM and in the IFM, respectively, in the next release of INSERTS.

A new Chapter 30.1(d) is added in the AFM to read as follows:

(d)  Unlawful Presence under Section 212(a)(9)(B) of the Act.  (1) The 3- and 10-year bars to admission under section 212(a)(9)B)(i)(I) and (II) of the Act do not apply to:

Applicants for adjustment of status under section 202(b) of NACARA

212(a)(9)(B), page 3

 • Applicants for adjustment of status under — of HRIFA;  and

 • Registry applicants under section 249 of the Act.

(2)  Counting of Unlawful Presence for Nonimmigrants.  An alien who remains in the United States beyond the period of stay authorized by the Attorney General is unlawfully present and becomes subject to the 3- or 10-year bars to admission under section 212(a)(9)(B)(i)(I) and (II) of the Act.  Under current Service policy, unlawful presence is counted in the following manner for nonimmigrants.

 (A)  Nonimmigrants Admitted until a Specific Date.  Nonimmigrants admitted until a specific date begin accruing unlawful presence on the date the period of admission authorized by the Service expires, as noted on the arrival document issued at the port-of-entry.

 (B)  Nonimmigrants Admitted Duration of Status (D/S).  Nonimmigrants admitted to the United States for D/S begin accruing unlawful presence on the date the Service finds a status violation while adjudicating a request for another immigration benefit, or on the date an immigration judge finds a status violation in the course of proceedings.  If, however, the immigration judge concurrently issues voluntary departure and the alien complies with the order by making a timely departure, no unlawful presence accrues.  See sections (d)(2) and (d)(5) of this chapter regarding voluntary departure as a period of stay authorized by the Attorney General.

(3)  Period of Stay Authorized by the Attorney General.  The Service has also designated the following as periods of stay authorized by the Attorney General:

 • Voluntary departure;

 • Refugee status;

 • Asylee status;

 • Grants of withholding or deferral of removal under the United Nations Convention Against Torture;

 • Legalization and special agricultural worker applications for lawful temporary residence which are pending through an administrative appeal;

 • Grants of withholding or suspension of deportation,  or cancellation of

212(a)(9)(B), page 4

removal;

- Applications for temporary and permanent residence by Cuban-Haitian entrants under section 202(b) of Pub. L. 99-603 through administrative appeal;

- Grants of Temporary Protected Status and Deferred Enforced Departure;

- Properly filed, affirmative applications for adjustment of status under section 245 of the Act (including section 245(i)), and properly filed, affirmative registry applications under section 249 of the Act. The period of stay authorized by the Attorney General continues if the application is denied and renewed in proceedings, through review by the Board of Immigration Appeals (BIA). The alien must, however, be eligible to renew the denied application in proceedings and have a legal basis for renewing that application; and

- Certain pending applications for extension of stay or change of status. See sections (d)(4) and (d)(5) of this chapter.

(4) Requirements for Period of Stay Authorized by the Attorney General with Respect to Pending Change of Status and Extension Applications.

(A) The application for change of status or for extension of stay was filed timely. To be considered timely, the application must have been filed before the previously authorized stay expired, as provided under 8 CFR 214.1(c)(4) and 8 CFR 248.1(b).

(B) The alien did not work without authorization before the application for change of status or extension of stay was filed or while it was pending; and

(C) The change of status or extension application has been pending with the Service for more than 120 days after the date the I-94 expired.

(5) Effect of Decision on Unlawful Presence and Tolling.

(A) Approved Applications. If the Service approves an E/S or C/S application, the alien will be granted a new period of stay authorized by the Attorney General, retroactive to the date the previously authorized stay expired, as applicable to the nonimmigrant classification under which the alien was admitted pursuant to 8 CFR 214.2. No unlawful presence accrues. This applies to aliens admitted until a specific date and aliens admitted D/S.

212(a)(9)(B), page 5

(B) Denied applications. (i) Denial of Timely Filed Applications and Frivolous Applications; Unauthorized Employment. If the timely filed C/S or E/S application is denied because it was frivolous or because the alien engaged in unauthorized employment, any and all time after the Form I-94 expiration date will be considered unlawful presence, if the alien was admitted until a specific date. If, however, the alien was admitted D/S, unlawful presence begins accruing on the date of the Service's decision.

(ii) Denial of Untimely Applications. If the application was untimely and was denied, unlawful presence begins accruing on the date the I-94 expired, regardless of the reason for denial. For aliens admitted D/S, unlawful presence begins accruing on the date of denial.

(6) Voluntary Departure as a Period of Stay Authorized by the Attorney General. The Service has designated voluntary departure as a period of stay authorized by the Attorney General. However, any unlawful presence that accrued before the date the voluntary departure was actually granted is not eliminated. And, if the alien does not make a timely departure, the counting of unlawful presence resumes. Moreover, the alien becomes subject to civil penalties and is ineligible for any further voluntary departure or other forms of relief, such as adjustment of status, registry, and cancellation of removal.

(7) Effect of Departure.

(A) Applicants for Nonimmigrant Visas. Date certain nonimmigrants who file an application for change of status or extension of stay who depart the United States while the application is pending and subsequently apply for another nonimmigrant visa must establish, to the satisfaction of the consular officer, that the application was timely filed and that it was not frivolous. The requirement that the application was timely may be established through the submission of evidence of the date the previously authorized stay expired, together with a copy of a dated filing receipt, a canceled check payable to the Service for the E/S or C/S application, or other credible evidence of a timely filing. To be considered non-frivolous, the application must have an arguable basis in law and fact and must not have been filed for an improper purpose. If the consular officer finds that the alien qualifies for a visa in the same category as the visa classification that was sought in the abandoned E/S or C/S application, the consular officer may presume that the E/S or C/S application was not frivolous. The question then turns to whether the alien engaged in unauthorized employment before the E/S or C/S application was filed or while it was pending. Consular officers will determine this through the routine course of questioning. Consular officers may also review and consider evidence of an alternate means of support during the time in which the alien was not authorized to work. If the consular officer

212(a)(9)(B), page 6

determines that the application was timely filed, non-frivolous, and that the alien did not engage in unauthorized employment, the alien is not subject to the 3- or 10-year bars to admission under section 212(a)(9)(B)(i) of the Act. See Chapter 15 of the IFM for a discussion of the effect of the alien's departure on section 222(g). D/S nonimmigrants who depart the United States while an application for change of status or extension of stay is pending generally do not trigger the 3- and 10-year bars under section 212(a)(9)(B)(i) of the Act, unless a formal finding of a status violation has been made, and the alien has not been granted any other period of stay authorized by the Attorney General, such as voluntary departure.

(B) Applicants for Admission at a Port of Entry (POE). When a date certain nonimmigrant files an application for change of status or extension of stay and departs the United States while the application is pending, Service officers at POEs should use the same procedures followed by consular officers to determine whether the application was timely and non-frivolous, and whether the alien engaged in unauthorized employment. If the extension application was timely and non-frivolous and the alien did not engage in unauthorized employment, the alien is not subject to the 3- or 10-year bar to admission. [See *Inspector's Field Manual*, Chapter 15 for the applicability to section 222(g).]

If Service Officers have any questions regarding this policy decision, contact Sophia Cox in HQADN at 202-514-4754.



## SHIA ASSOCIATION OF BAY AREA, Inc.

4415/4423 Fortran Court
San Jose, CA 95134
408.946.8700

A non-profit religious corporation
U.S. Federal EIN: 77-0050810
State of California Corp: 2080177

saba@saba-igc.org, www.saba-igc.org

I, Seyed Vahid Hosseini, hereby declare the under penalty of perjury that the following statements are true and correct:

I am the President of the Board of Directors of the Shia Association of the Bay Area (SABA), a religious non-profit corporation of California. The members of SABA, and the Shia Muslim community in greater Bay Area, have been benefiting from the pastoral services provided by Dr. Nabi Raza Mir for the last five years.

As I have attested to in our long-standing efforts to immigrate Dr. Mir as our Minister, Dr. Mir's qualifications and his close relationship with hundreds of congregant families would be very difficult to replace by simply hiring another Minister if Dr. Mir is forced to leave his current position as Minister of SABA.

Because strict rules and qualifications apply to the person who leads daily prayers in Shia Islam, there is a limited availability of qualified people in the United States to fill this position, particularly as there are no recognized institutes that teach Shia Muslim theology in the United States. As a result, any person who would be qualified to minister our congregation would had to have been educated abroad.

Additionally, delays in finding a qualified person with proficiency in English and other languages spoken by SABA members and delays in applying for a visa for other candidates would severely limit our ability to properly conduct

As I mentioned, Dr Mir has served our congregation for five years. He understands the needs and has gained the deep trust of the community, and he communicates equally well with young and old. Our religious practice would be greatly impeded by the loss of our Minister.

By way of example, without the presence of a qualified Minister SABA would be unable to offer the following services:

*Daily and Friday prayers led by a qualified Minister;
*Marriage ceremonies performed by a Minister;
*Reading religious rites for newborns;
*Reading of religious rites for dying members;
*Reading of religious rites at burial;
*Sermons and other prayer services;
*Interpretation of Quran (holy book) by a qualified person; and
*Interpretation of ules for daily practice of religion.

Our congregation is made up of families and individuals from a range of economic and professional backgrounds. Our community has benefited greatly from the progressive leadership that Dr. Mir has offered, and it would hinder our religious practice to lose him.

I am willing to testify to the above in a court of law should I be asked to do so. Please feel free to contact me should any further information or documentation be required.

Seyed Vahid Hosseini,
President and Member BOD
SABA Inc.

Jun. 25 2007 09:09AM P1        PHONE NO. :        FROM : Panasonic Fax SYSTEM