IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Shi'a Association of the Bay Area, et al.,<br><br>    Plaintiffs,<br>  v.<br>Michael Chertoff, et al.,<br><br>    Defendants. | NO. C 07-03328 JW<br><br>**ORDER GRANTING PLAINTIFFS' RENEWED EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER; SETTING HEARING FOR ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION** |

This is an action for Declaratory, Injunctive, and Mandatory Relief under the Immigration and Administrative Procedure Act. (See Docket Item No. 1.) Before the Court is Plaintiffs' Renewed Ex Parte Application for a Temporary Retraining Order and Order to Show Cause Re: Preliminary Injunction. (See Docket No. 14.) The Court had previously denied Plaintiffs' Application, finding that the harm Plaintiffs allege they will suffer before a formal hearing is not irreparable. (See Docket Item No. 7.) Plaintiffs have renewed their motion, citing a clerical error. Plaintiffs allege that as of June 30, 2007, the Individual Plaintiffs will accrue 180 days of "unlawful presence," which will bar them from adjustment of status or re-entry into the United States for a period of 3 to 10 years. (Certification by Attorney Re: Service of TRO to Defendants.)

On June 28, 2007, the Court conducted a telephonic conference with Mary Beth Kaufman, counsel for Plaintiffs, and Ila Casy Deiss, Assistant United States Attorney. It appears to the Court that the Plaintiffs are presently appealing their immigration status. During the appeal, however, they

have remained in the United States, accruing a number of "unlawful presence" days. Under the governing law, on the 180th day of being "unlawfully present," there will be a change in their legal rights. The progress of the appeal will extend beyond the 180th day. Therefore, the Plaintiffs are faced with a choice: effectively to abandon their appeal and voluntarily depart from the United States prior to the 180th day, or remain in the United States to continue to pursue their appeal and risk adverse consequences caused by staying beyond the 180th day.

To preserve the ability of the Plaintiffs to move the Court for a preliminary injunction tolling the further accrual of "unlawful presence" credits, Defendants are temporarily restrained from counting the period of time between June 28 and July 23, 2007 against the Plaintiffs in calculating the period for which they have been "unlawfully present."

The Temporary Restraining Order and Order to Show Cause are issued without prejudice to any challenge to the Court's jurisdiction to issue a preliminary injunction that Defendants might make. Rather, the Court finds that it has jurisdiction to decide its jurisdiction and finds it necessary to issue the Temporary Restraining Order to preserve the Court's ability to decide its jurisdiction in this matter.

The Court GRANTS Plaintiffs' motion for a hearing on an Order to Show Cause Re: Preliminary Injunction. Plaintiffs shall serve Defendants a copy of the Complaint, Supporting Declarations and Memorandum, and a copy of this Order by **July 9, 2007**. Defendants are ordered to appear on **July 23, 2007 at 9 AM** and to show cause, if any, why a Preliminary Injunction should not be entered restraining Defendants from accruing against the Individual Plaintiffs days of "unlawful presence" in the United States during the pendency of this action.

Dated: June 29, 2007

JAMES WARE
United States District Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Jill Stanton
Attorney at Law
400 Montgomery St , Suite810
San Francisco, CA 94104

**Dated:  June 29, 2007**                                    **Richard W. Wieking, Clerk**

                                                     **By:   /s/ JW Chambers**
                                                         **Elizabeth Garcia**
                                                         **Courtroom Deputy**

**United States District Court**
For the Northern District of California