1   SCOTT N. SCHOOLS, SC SBN 9990
    United States Attorney
2   JOANN M. SWANSON, CSBN 88143
    Assistant United States Attorney
3   Chief, Civil Division
    ILA C. DEISS, NY SBN 3052909
4   Assistant United States Attorney

5       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102
6       Telephone: (415) 436-7124
        FAX: (415) 436-7169
7
    Attorneys for Defendants
8

9                    UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11                      SAN JOSE DIVISION

12  SHI'A ASSOCIATIONS OF BAY AREA, INC.; )
    et al.,                               )   No. C 07-3328 JW
13                                        )
              Plaintiffs,                 )   DEFENDANTS' OPPOSITION TO
14                                        )   PLAINTIFF'S MOTION FOR A
          v.                              )   PRELIMINARY INJUNCTION AND
15                                        )   RESPONSE TO THE COURT'S ORDER
    MICHAEL CHERTOFF, Secretary of the    )   TO SHOW CAUSE; DECLARATIONS
16  Department of Homeland Security; et al.,)  OF JOSEPH FIERRO AND ILA DEISS
                                          )
17            Defendants.                 )   Hearing Date:    July 30, 2007
                                          )   Time:            9:00 a.m.
18

19  I    INTRODUCTION

20        Plaintiff Shi'a Association of the Bay Area (SABA), a local religious organization, and their

21  religious leader, Dr. Nabi Raza Mir (Dr. Mir), a native and citizen of India, and his family, have

22  brought this immigration action for declaratory, injunctive and mandamus relief under the

23  Administrative Procedure Act (APA) and the First and Fifth Amendments to the United States

24  Constitution. *See* Complaint at 8.  At this juncture, Plaintiffs seek to preliminarily enjoin

25  Defendants from continuing to calculate Dr. Mir and his family's unlawful presence in the United

26  States that they have been accruing since January 1, 2007, when Dr. Mir fell out of lawful status in

27

28

1   the United States.[1]  Plaintiffs also ask the Court to direct Defendants to accept Dr. Mir's
2   applications for adjustment of status (Form I-485) to that of legal permanent resident, and to order
3   Defendants to immediately adjudicate Dr. Mir's request for employment authorization. *See*
4   Complaint at 28-29.

5       On June 29, 2007, the Court granted Plaintiffs' motion for a temporary restraining order,
6   restraining Defendants from "counting the period of time between June 28 and July 23, 2007
7   against the Plaintiffs in calculating the period for which they have been 'unlawfully present.'"
8   June 29, 2007 Order at 2.[2]  The Court further directed Defendants to appear on July 23, 2007,
9   subsequently changed to July 30, 2007, and show cause why a preliminary injunction should not
10  be entered restraining Defendants from accruing against the individual Plaintiffs days of "unlawful
11  presence" in the United States during the pendency of this action. *Id.*  Defendants hereby oppose
12  the motion for preliminary injunction and respond to the Court's Order to Show Cause.

13  II.  FACTUAL BACKGROUND

14      In February 2002, Dr. Mir entered the United States on a R-1 non-immigrant religious worker
15  visa.  In 2004, United States Citizenship and Immigration Services (USCIS) renewed the R-1 visa
16  status until January 1, 2007.  On April 12, 2005, SABA filed a Form I-360 Petition for Special
17  Immigrant with the USCIS on behalf of beneficiary Dr. Mir and his family.[3] *See* Declaration of
18  Joseph Fierro ("Fierro Decl.") ¶ 4.

19      On September 8, 2006, when USCIS still had not adjudicated the Form I-360 visa petition,
20  SABA filed a Complaint for Mandatory Relief, asking that this Court compel USCIS to adjudicate
21  the Form I-360 Petition within 30 days. *See Shi'a Association of the Bay Area v. Chertoff*, No. C

22

23      [1]Plaintiffs argue that the period of "unlawful immigration status" under INA § 245(c)(2),
24  8 U.S.C. § 1255(c)(2), and the period of "unlawful presence" under INA § 212(a)(9)(B), 8 U.S.C.
    § 1182(a)(9)(B), should be tolled pending this litigation.

25
26      [2]The July 23, 2007 date was presumably extended to July 30, 2007, when the hearing date
    was moved by the Court.

27      [3]An "I-360" Form refers to a Petition for Special Immigrant that an employer files on
28  behalf of a religious worker in order to enable that non-citizen to receive an immigrant visa
    pursuant to Immigration and Nationality Act (INA) § 203(b)(4), 8 U.S.C. § 1153(b)(4).
    Defendants Opposition to Plaintiffs' Motion for Preliminary Injunction
    C07-3328 JW                                    2

06-5515 JW. On November 13, 2006, USCIS conducted a site check of the SABA's premises in San Jose, and interviewed Dr. Mir. *See* Fierro Decl. ¶ 4. On December 29, 2006, the Form I-360 was denied, and on January 30, 2007, an administrative appeal was filed with the USCIS's Administrative Appeals Office (AAO).[4] Without an approved Form I-360, Plaintiff Mir and his family began to accrue unlawful presence in the United States on January 1, 2007, when Dr. Mir's R-1 visa expired.

On May 29, 2007, after Dr. Mir and his family had already accrued nearly five months of unlawful presence in the United States, SABA filed a second Form I-360 visa petition on behalf of Dr. Mir. In addition to the Form I-360, Dr. Mir concurrently filed a Form I-485 application for adjustment of status to legal permanent resident and a Form I-765 application for employment authorization. *See* Fierro Decl. ¶ 5. On June 6, 2007, the USCIS rejected and returned the Form I-485 adjustment application and I-765 employment application, citing to the first I-360 that was still pending before the AAO, and citing regulation 8 C.F.R. § 235.2(a)(2)(i)(B), which does not allow concurrent filings in religious worker petitions.[5] *See* Fierro Decl. ¶ 5.[6] Only after Dr. Mir has an approved Form I-360 would USCIS have the basis to accept his application for adjustment of status. *See* 8 U.S.C. 1255(a).

On June 25, 2007, Plaintiffs filed the instant Complaint, seeking injunctive and declaratory

---

[4]This level of review is sometimes referred to as the Administrative Appeal Unit (AAU).

[5]The second Form I-360 remains pending with USCIS and apparently covers a different time frame than the first petition.

[6]USCIS explains that the Governmental Accountability Office (GAO) NSIAD-99-67 (March 26, 1999) report identified the incidences of fraud in the religious worker program. *See* Fierro Decl. ¶ 8. Allowing religious workers to file concurrently has a higher probability of damaging the integrity of the immigration system because it encourages filings by aliens who are eligible for classification as religious workers, but nonetheless may be able to obtain interim benefits, such as employment or advance travel authorization, while the adjustment applications are pending with USCIS. *See* Fierro Decl. ¶ 9. USCIS requires the adjudication of the I-360 prior to filing of the I-485 to ensure that all religious worker petitions are sufficiently reviewed and adjudicated before any substantive benefits are granted. *See* Fierro Decl. ¶ 10. Up to a 33% fraud rate has been recorded in Form I-360 visa petitions for religious workers. Fierro Decl. ¶ 8.

1  relief, challenging USCIS's refusal to accept Dr. Mir's I-485 adjustment of status and employment
2  authorization applications on June 6, 2007, which they had attempted to concurrently file with the
3  second Form I-360 petition on May 29, 2007. Plaintiffs challenge the regulation that prohibits
4  concurrent filings of visa petitions for religious workers and adjustment of status applications.
5  Plaintiffs allege a violation of their Due Process, Equal Protection and right to religious freedom.
6  See Complaint at 1-3.

7  On July 25, 2007, USCIS again denied the remanded Form I-360 petition and certified that
8  decision to the AAO. Deiss Decl., Exhibit A. Dr. Mir and his family accrued unlawful presence
9  in the United States from January 1, 2007, until Defendants were restrained by the Court on June
10 29, 2007, two days short of the 180th day. If Dr. Mir and his family fail to timely depart the
11 country, they will be barred from returning to the United States for between 3 and 10 years. *See* 8
12 U.S.C. 1182(a)(9)(B).

13 III.    ARGUMENT

14 **A. Legal Standard**

15 "The standard for granting a preliminary injunction balances the plaintiff's likelihood of
16 success against the relative hardship to the parties." *Clear Channel Outdoor, Inc. v. City of Los*
17 *Angeles*, 340 F.3d 810, 813 (9th Cir. 2003). The Ninth Circuit has two different criteria for
18 determining whether preliminary injunctive relief is warranted. "Under the traditional criteria, a
19 plaintiff must show (1) a strong likelihood of success on the merits, (2) the possibility of
20 irreparable injury to [the] plaintiff if preliminary relief is not granted, (3) a balance of hardships
21 favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Save Our*
22 *Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1120 (9th Cir. 2005) (internal quotations omitted). The
23 Ninth Circuit also uses an alternative test whereby a court may grant the injunction if the plaintiff
24 demonstrates either: (1) a combination of probable success on the merits and the possibility of
25 irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply
26 in his favor. *See id.*

27 "The two alternative formulations 'represent two points on a sliding scale in which the
28 required degree of irreparable harm increases as the probability of success decreases. They are not

1  separate tests but rather outer reaches of a single continuum.'" *Raich v. Gonzales*, --- F.3d ----,

2  2007 WL 754759 (9th Cir. Mar. 17, 2007) (*quoting Baby Tam & Co. v. City of Las Vegas*, 154 F.3d

3  1097, 1100 (9th Cir. 1998)).

4  **B. Plaintiffs' Have Not Demonstrated Irreparable Harm**

5  In its June 29, 2007 order granting Plaintiffs' request for a restraining order, the Court found

6  that Plaintiffs "are faced with a choice: effectively abandon their appeal and voluntarily depart

7  from the United States prior to the 180th day, or remain in the United States to continue to pursue

8  their appeal and risk adverse consequences caused by staying beyond the 180th day." Order at 2.

9  This is incorrect. There is a regulation that provides that travel outside of the United States by a

10  Form I-485 applicant for adjustment of status shall be deemed an abandonment of the application

11  if he or she was not previously granted advance parole by USCIS for such absences. 8 C.F.R. §

12  245.2(a)(4)(ii)(B). However, there is no such provision for Form I-360 petitioners and Dr. Mir

13  and his family may return to their native country while continuing to pursue their second

14  administrative appeal. There is nothing barring them from pursuing this action from abroad too.

15  While perhaps inconvenient, the family is by no means irreparably harmed. If the AAO overturns

16  UCIS's second decision to deny the Form I-360 petition, Dr. Mir and his family may either seek

17  consular processing or may return to the United States and at that point will have a basis to apply

18  for adjustment of status to that of legal permanent residents. See 8 U.S.C. § 1255(a). Moreover,

19  Plaintiffs waited until nearly 150 of the 180 days of unlawful presence had accrued before

20  attempting to file an adjustment of status application along with a second Form I-360 petition,

21  creating a self-imposed emergency. Dr. Mir could have timely departed without accruing unlawful

22  presence.

23  **C. Plaintiffs Have Not Established a Strong Likelihood of Success on the Merits**

24  To the extent Plaintiffs may attempt at this point to challenge the merits of the agency's denial

25  of SABA's Form I-360 petition, this Court lacks jurisdiction to consider any such claims under the

26  APA because Plaintiffs have not exhausted their administrative remedies as the decision was

27  certified to the AAO on July 25, 2007 and remains pending with the AAO. Under the doctrine of

28  exhaustion of administrative remedies, a party may not seek judicial review of an adverse

1  administrative decision until the party first pursues all possible relief within the agency. *See*

2  *Young v. Reno*, 114 F.3d 879, 881 (9th Cir. 1997)(citation omitted).

3  Further, to the extent Plaintiffs are challenging USCIS's regulation that bars concurrent filing

4  of Form I-360 petition with Form I-485 Adjustment of Status Applications, promulgated because

5  of high levels of fraud in religious worker applications, 8 U.S.C. § 1252(a)(2)(B)(ii), which, as

6  amended by the REAL ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 231 (2005) ("REAL ID Act"),

7  on May 11, 2005, provides that "[n]otwithstanding any other provision of law ... and regardless of

8  whether the judgment, decision, or action is made in removal proceedings, no court shall have

9  jurisdiction to review" any discretionary action by the Attorney General or the Secretary of

10 Homeland Security other than the granting of asylum under section 208(a) of the INA, 8 U.S.C. §

11 1158(a). Section 1255(a) provides that: "[t]he status of an alien who was inspected and admitted

12 or paroled into the United States ... may be adjusted by the Attorney General, *in his discretion* and

13 under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent

14 residence[.]" 8 U.S.C. 1255(a) (emphasis added). Therefore, USCIS's decision not to accept

15 SABA second Form I-360 (filed with USCIS while his first I-360 was on appeal to the AAO)

16 concurrently with Dr. Mir's application for adjustment of status was purely within the agency's

17 discretion and not subject to review.

18 In order to establish jurisdiction, Plaintiffs rely on an unpublished decision out of the Western

19 District of Washington, *Hillcrest Baptist Church v. United States*, Slip Copy, 2007 WL 636826

20 (W.D.Wash. Feb. 23, 2007). Firstly, the Hillcrest court found that the relevant jurisdictional bars

21 were not raised by Defendants and therefore, the court made jurisdictional findings as unopposed.

22 2007 WL 636826, *6. Secondly, Plaintiffs in Hillcrest had an approved Form I-360 and the court

23 was reviewing the ultimate denial of the Form I-485 adjustment applications because plaintiffs had

24 accrued more than 180 days unlawful presence and were already barred from reentry into the

25 United States. This is not the case here.

26 Here, Plaintiffs have no approved Form I-360 and, therefore, USCIS has no basis for accepting

27 Form I-485 adjustment of status applications. *See* 8 U.S.C. 1255(a) (which requires that an

28 applicant be eligible to adjust their status). Moreover, to add another wrinkle to the matter, the

1 Department of State has declared that there are no more visas available for this fiscal year. See

2 Deiss Decl., Exh B.; *see also* 8 U.S.C. § 1151(d) (placing a numerical limitation upon the number

3 of employment based visas allowed in any given fiscal year). Relief at this juncture is therefore

4 unavailable under the Administrative Procedure Act.

5 Finally, to satisfy the requirements of constitutional standing, "the plaintiff must have suffered,

6 or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a

7 favorable judicial decision." *Mujahid v. Daniels*, 413 F.3d 991, 994 (9th Cir. 2005) (*citing Spencer*

8 *v. Kemna*, 523 U.S. 1, 7 (1998)). Furthermore, the injury must be: (1) concrete and particularized,

9 and (2) actual or imminent, not conjectural or hypothetical. *See United States v. Antelope*, 395

10 F.3d 1128, 1132 (9th Cir. 2005). Again, unlike the plaintiffs in *Hillcrest*, Plaintiffs are free to

11 voluntarily depart the United States and may pursue the second appeal of the denial of the Form I-

12 360 petition from abroad without repercussions so long as they depart prior to the expiration of the

13 180 days. Any past injury is hypothetical and any future injury would be self imposed. Plaintiffs

14 arguments under the First Amendment completely undermine the Immigration and Nationality Act

15 and the necessary requirements to qualify for relief under the Act.

16 IV.    CONCLUSION

17 Plaintiffs have neither established a combination of probable success on the merits and the

18 possibility of irreparable injury, nor that serious questions are raised and the balance of hardships

19 tips sharply in their favor. Accordingly, the Court should deny the motion for preliminary

20 injunction.

21 Dated: July 27, 2007                          Respectfully submitted,

22                                               SCOTT N. SCHOOLS
                                                 United States Attorney
23

24

25                                               ILA C. DEISS
                                                 Assistant United States Attorney
26                                               Attorney for Defendants

27

28