1  Mary Beth Kaufman, Esq. (SBN 228570)
   Jill Stanton, Esq. (SBN 121084)
2  Law Offices of Jill Stanton
   400 Montgomery Street, Suite 810
3  Phone: (415) 392-6161
   Fax (415) 392-8208
4  lawstan@pacbell.net

5
   Attorneys for Plaintiffs
6

7              UNITED STATES DISTRICT COURT

8        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                 SAN JOSE, CALIFORNIA

10  SHI'A ASSOCIATION OF THE BAY AREA, et al.,     )
                                                   ) No. C 07-03328 JW
11  Plaintiffs,                                    )
                                                   )  **PLAINTIFFS' RESPONSE**
12  v.                                             )  **TO DEFENDANTS'**
                                                   )  **OPPOSITION TO PLAINTIFFS'**
13  MICHAEL CHERTOFF, Secretary of the             )  **MOTION FOR PRELIMINARY**
    Department of Homeland Security, et al.,        )  **INJUNCTION**
14                                                 )
    Defendants.                                    )
15  _____)

16

17

18       Plaintiffs hereby respond to Defendants' Opposition to Plaintiff's Motion for a Preliminary

19  Injunction And Response to the Court's Order to Show Cause.

20       As a preliminary matter, Plaintiffs seek to clarify that Dr. Mir and his family members have

21  accrued 179 days of unlawful presence.  Dr. Mir and his family started accruing unlawful presence

22  on January 1, 2007, upon expiration of their R-1 visas.  This Court granted a Temporary Restraining

23  Order preventing Defendants from further calculating Dr. Mir's and his family's unlawful presence

24

25  on June 29, 2007.  Therefore, if Dr. Mir and his family members accumulate one more day of

26  unlawful presence, they will be ineligible for adjustment of status and will be barred from the United

27  States for at least 3 years, by operation of INA §§ 245(k) and 245(k).

28

    Plaintiffs' Response to Defendants' Opposition to Preliminary Injunction

1    Plaintiffs next seek to address Defendants' arguments regarding this Court's jurisdiction to

2  grant injunctive relief. Plaintiff Shia Association has filed two (2) immigrant petitions on behalf of

3  their longtime minister, Dr. Nabi Raza Mir. The first is currently on appeal for a second time with

4
   the Administrative Appeals Office (AAO), and the second petition is still pending the Citizenship
5
   and Immigration Services. Therefore, this Court lacks jurisdiction to review the merits of either
6
7  petition, since there is no final agency action on the petitions. Significantly, however, Plaintiffs <u>are</u>

8  <u>not</u> challenging the merits of the pending petitions. Rather, Plaintiffs submit that their constitutional

9  rights are violated by Agency regulations, and that the regulations exceed the authority provided by

10
   the Immigration and Nationality Act (INA). Plaintiffs argue that the Agency's refusal to accept Dr.
11
12  Mir's adjustment of status application concurrently with the second I-360 petition results in a denial

13  of Dr. Mir's right to due process and equal protection, and also to the Shia Association's

14  constitutional rights under the First Amendment.

15    Defendants argue that the regulations were promulgated in part to protect the interests of

16  businesses who are often at risk of losing foreign workers to companies abroad. Here, the interest

17
   of the Shia Association, a prominent and well-established institution, is parallel: to retain its minister
18
19  so that they may continue practicing their religion. As stated in Plaintiff's Complaint, it would be

20  very difficult for the Shia association to replace Dr. Mir because Shi'a clerics are exclusively

21  educated abroad. The Shia Association, rather than seek to immigrate a new minister, petitioned for

22  Dr. Mir, who had already served the congregation for three years, while he had two years remaining

23
24  on his R-1 visa. Because Dr. Mir and his family members have not been permitted concurrently file

25  applications for adjustment of status, they fell out of status after the expiration of their R-1 visas on

26  January 30, 2007, and have not been able to request employment authorization since that time. The

27  constitutionality of the Agency's regulations which prevent Dr. Mir and his family from filing the

28

Plaintiffs' Response to Defendants' Opposition to Preliminary Injunction          - 2 -

1   adjustment of status applications, and which may cause the Shia Association to lose their minister

2   for months or years, cannot be challenged in any other venue.

3       Defendants argue that the policy to refuse concurrent filings from religious workers, while

4   accepting the same from all other employment-based applicants, is a discretionary decision, and

5

6   therefore non-reviewable under 8 U.S.C. § 1252(a)(2)(B)(ii). (Defendant's Opposition, Fierro

7   Decl.) However, it is well-established that while the discretion to grant or deny an application

8   for adjustment of status is a discretionary decision, the refusal to accept an application altogether,

9   is not encompassed in the meaning of "discretionary action" under 8 U.S.C. 1255 (a). This

10  Court's jurisdiction to issue preliminary injunctive relief in this case is supported by the Ninth

11
    Circuit's ruling in *Barahona-Gomez v. EOIR,* 167 F.3d 1228 (9th Cir. 1999) and by the Supreme
12

13  Court's decision in *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 492 (1991). In

14  *Barahona*, the Ninth Circuit found that the district court had jurisdiction to enter an injunction

15  and that the issuance was not an abuse of discretion, as a serious question was raised as to the

16  legality and constitutionality of agency directives and the balance of hardships tipped sharply in

17
    the plaintiffs' favor. *Barahona-Gomez .v EOIR,* 167 F.3d at 1233. Similarly, in *McNary*, the
18

19  Supreme Court found that a district court may exercise jurisdiction over plaintiffs' claims where

20  they are "general collateral challenges to unconstitutional practices and policies used by the

21  agency." *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. at 492.

22      Plaintiffs also seek to clarify one additional issue. Although the Department of State has

23  declared that there are no more visas available for this fiscal year (Defendant's Opposition at 7),

24
    U.S. Citizenship and Immigration Services is currently accepting adjustment of status
25

26  applications until August 17, 2005. Att. 1 (*USCIS Update July 17, 2007*). Moreover, Dr. Mir

27  attempted to file his adjustment of status application when visas were available for religious

28

1  workers.  (Plaintiffs' Complaint, Attachment 22 (*July 2007 Visa Bulletin*)).

2      Based on the foregoing, Plaintiffs renew their request for preliminary injunctive relief

3  enjoining the government from calculating unlawful presence or making a finding that Plaintiffs

4  have accepted unlawful employment during the pendency of this case.

5

6

7  Dated: August 3, 2007                    Respectfully Submitted

8

9                                           Mary Beth Kaufman
                                            Law Offices of Jill Stanton
10                                          400 Montgomery Street
                                            San Francisco, CA 94104
11                                          Phone (415) 392-1616
                                            Fax (415) 392-8208
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1



*Office of Communications*

# U.S. Citizenship and Immigration Services

July 17, 2007

Contact:  Office of Communications
202-272-1200

# USCIS Update

## USCIS Announces Revised Processing Procedures for Adjustment of Status Applications

**WASHINGTON**—U.S. Citizenship and Immigration Services (USCIS) announced that, beginning immediately, it will accept employment-based applications to adjust status (Form I-485) filed by aliens whose priority dates are current under the <u>July Visa Bulletin, No. 107</u>. USCIS will accept applications filed not later than August 17, 2007.

On July 2, 2007, USCIS announced that it would not accept any additional employment-based applications to adjust status. USCIS made that announcement after receiving an update from the Department of State that it would not authorize any additional employment-based visa numbers for this fiscal year. After consulting with USCIS, the Department of State has advised that Bulletin #107 (dated June 12) should be relied upon as the current July Visa Bulletin for purposes of determining employment visa number availability, and that Visa Bulletin #108 (dated July 2) has been withdrawn.

"The public reaction to the July 2 announcement made it clear that the federal government's management of this process needs further review," said Emilio Gonzalez, USCIS Director. "I am committed to working with Congress and the State Department to implement a more efficient system in line with public expectations."

USCIS's announcement today allows anyone who was eligible to apply under Visa Bulletin No. 107 a full month's time to do so. Applications already properly filed with USCIS will also be accepted. The current fee schedule will apply to all applications filed under Visa Bulletin No. 107 through August 17, 2007. (The new fee schedule that becomes effective on July 30, 2007, will apply to all other applications filed on or after July 30, 2007).

-USCIS-